## Solt *v.* Williamsport Radiator Company, Appellant.

*Negligence—Master and servant—Dangerous machinery—Act of May 2, 1905, P. L. 352—Shifting belts—Contributory negligence.*

1. To do an obviously dangerous thing which one is required to do in order to perform the duties of one's employment is an assumption of a risk, but not necessarily contributory negligence. If the statutory law requires guards against such a risk, and the employer has failed to comply with such a requirement, the defense of assumption of risk is not available to him, and in the absence of contributory negligence, the plaintiff can recover. But to do an act necessary to the performance of the duties of one's employment in a way which is obviously dangerous when one can perform the act in another way known to him, which is reasonably safe, is contributory negligence which will bar a recovery, even though the employer may have been negligent in not complying with the requirements of the statute.

2. Where an employee attempted to adjust a belt while the shaft on which it worked was running at full speed, and it appears from the evidence that this was a very dangerous action and that there was apparent to the workman another and safer way of doing the work than the method pursued, the employee cannot recover from his employer for injuries sustained in the attempt to adjust the belt although the employer had not provided a belt-shifter, as directed by the Act of May 2, 1905, P. L. 352.

Argued Feb. 14, 1911. Appeal, No. 370, Jan. T., 1910, by defendant, from judgment of C. P. Lycoming Co., March T., 1910, No. 341, on verdict for plaintiff in case of Conrad F. Solt v. Williamsport Radiator Company. Before FELL, C. J., BROWN, MESTREZAT and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before HART, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $1,800. Defendant appealed.

*Error assigned* among others was refusal of binding instructions for defendant.

*James B. Krause*, for appellant.—The plaintiff should not be permitted to recover:

1. Because he appreciated the danger from his own admission.

2. Because he voluntarily and knowingly assumed the risk.

3. Because he knew of a safe way.

4. Because he violated the rule to slow down engine known to him: McKenna v. Atlantic Refining Co., 227 Pa. 124; Bentley v. Planing Mill Co., 38 Pa. Superior Ct. 172; Lee v. Dobson, 217 Pa. 349; Haven v. Bridge Co., 151 Pa. 620; Stirling v. Merchant & Evans Co., 39 Pa. Superior Ct. 42; Devlin v. Iron Co., 182 Pa. 109; N. Y., L. E. & W. R. Co. v. Lyons, 119 Pa. 324; Fulford v. R. R. Co., 185 Pa. 329; Gilbert v. Ry. Co., 128 Fed. Repr. 529; Betz v. Winter, 195 Pa. 346.

*John J. Reardon*, for appellee.—The case was for the jury: Lewis v. Seifert, 116 Pa. 628; Winters v. Boll, 204 Pa. 41; Sturtz v. R. R. Co., 225 Pa. 249; Lebbering v. Struthers, Wells & Co., 157 Pa. 312; Jones v. American Caramel Co., 225 Pa. 644.

OPINION BY MR. JUSTICE MOSCHZISKER, May 17, 1911:

On May 23, 1909, the plaintiff, a man then forty-nine years of age, while working at the manufacturing establishment of the defendant company, suffered a fracture of the left arm, which necessitated its amputation. He had been employed by the defendant for about two years before the accident, and had been working for nearly two months at the particular kind of employment in which he suffered his injury. In the manufacture of radiators the defendant used what are termed "rattlers," horizontal iron drums in which are placed the rough castings for the purpose of cleaning and smoothing. It was part of the plaintiff's duty to keep these rattlers running. They were revolved by means of belts extending to and connected with pulleys on a line-shaft attached to the ceiling some ten or twelve feet overhead. When the plaintiff came to

work on the morning of the accident he found that one of
these belts was off the line-shaft pulley. The defendant
had no belt-shifters or other mechanical contrivances for
the purpose of throwing the belts on or off, and it was the
habit of the men employed about the establishment to
replace them by climbing a ladder to the line-shaft and
adjusting the belts by the aid of a piece of wood or stick,
which was kept for that purpose; and this the plaintiff
attempted to do. He testified: "I crawled up on there
[the ladder] to put that belt on. I was holding the belt
in the one hand and the stick in the other, and I shoved it
in as carefully as I could, but the stick catched, and my
arm went right under, but after that, I do not know what
happened." He said that it was all over so quickly that he
could not tell exactly how the accident occurred, but that
he thought his arm must have got caught between the belt
and the pulley. He further stated that the shaft was run-
ning "full blast"; and the uncontroverted testimony of
the defendant shows this to have been between 270 and
280 revolutions per minute. The plaintiff said that he
had attempted to put the belt on "just as I had seen others
put them on." He also said, "I think that [slowing
down] would be the right way to put on belts, as near as I
can tell you," and "to stop the engine—would be the
safest way, I think." In answer to the question, "Then
you think, if the line-shaft was slowed down, you could
put on the belt without any danger?" he said, "It stands
to reason that a fellow could put it on easier than running
full speed." And he admitted that he had known the line-
shaft to have been "slowed down—once in a while, but
not very often," for the purpose of putting on belts. Cer-
tain testimony of the defense relied upon by the plaintiff
shows an admission on the part of several of the witnesses
that they did not always have the engine closed down
when readjusting the small belts, and that they used
their own "judgment" in the matter, and were "willing
to take a chance occasionally"; but these same witnesses
all said that it was a dangerous thing to do, one of them

stating that to put on a belt when the machinery was in full operation was at "the risk of your life."

While the trial judge affirmed a request for charge to the effect that "the plaintiff used the most dangerous method for adjusting a belt to a fast revolving line-shaft pulley," yet he refused to give binding instructions for the defendant, and after the verdict was rendered for the plaintiff the court below refused to enter judgment non obstante veredicto. There are several assignments of error, but it is only necessary for the purpose of determining this case to pass upon the seventh and eighth which go to the points just indicated.

The Act of May 2, 1905, P. L. 352, sec. 11, provides: "The owner or person in charge of an establishment where machinery is used shall provide belt-shifters or other mechanical contrivances for the purpose of throwing on or off belts or pulleys." The noncompliance of the defendant with the provisions of this act constituted negligence, and if the plaintiff was not plainly guilty of contributory negligence, the case was for the jury; but if his own negligence did contribute to the accident, then binding instructions should have been given in favor of the defendant: Jones v. American Caramel Co., 225 Pa. 644.

To do an obviously dangerous thing which one is required to do in order to perform the duties of one's employment is an assumption of a risk, but not necessarily contributory negligence. If the statutory law requires guards against such a risk, and the employer has failed to comply with such a requirement, the defense of assumption of risk is not available to him, and in the absence of contributory negligence, the plaintiff can recover. But to do an act necessary to the performance of the duties of one's employment in a way which is obviously dangerous when one can perform the act in another way known to him, which is reasonably safe, is contributory negligence which will bar a recovery, even though the employer may have been negligent in not complying with the requirements of the statute.

The testimony in this case justifies but one conclusion, and that is that the plaintiff undertook to do an obviously dangerous act when he attempted to adjust the belt while the shaft was running at full speed. "Where two ways of discharging the service are apparent to an employee, one dangerous and the other safe or reasonably so, the employee must select the latter, whether or not it is the less convenient to him; and if he chooses the former, and the danger is such that a reasonably prudent man would not incur the risk under the same circumstances, he is guilty of such negligence as will bar a recovery, although the master may also have been negligent:" 20 Am. & Eng. Ency. of Law (2d ed.), 146. The habitual carelessness of his fellow workmen does not justify the plaintiff, and it will not do to say that he lacked proper instructions or appreciation of the danger, for he was a mature man who had been working around machinery for a considerable length of time before the accident, and in addition to this he acknowledges in his testimony that there was another and safer way of doing this work than the one he pursued. This unfortunate man has suffered a great loss, but, since his own carelessness contributed directly to the happening of the accident, the law does not permit him to recover, and the case should not have been submitted to the jury.

The assignments of error before designated are both sustained, the judgment of the court below is reversed and is here entered for the defendant.