# Shannon, Appellant, *v.* Carnegie Steel Company.

*Negligence—Master and servant—Act of May 2, 1905, P. L. 352 —Guarding machinery—Practicability of guard—Charge to jury.*

1. The words "properly guarded" in the Act of May 2, 1905, P. L. 352, mean suitably guarded, and the requirements of the act do not apply where it is impracticable to guard the machine artificially without rendering it useless for the service it usually performs.

2. In an action to recover damages for personal injuries due to the alleged failure to properly guard a dangerous machine, a verdict for the defendant will be sustained where there is evidence that at the time the accident to the plaintiff occurred it was not practicable for the employer to safeguard the machine against such accidents without seriously impairing the efficiency of the machine; and that no device was then known by the use of which the one operating such machine could be protected against the danger to which the operator was exposed and from which the plaintiff suffered his injury.

3. In such case it is not material whether the machine causing the accident was one of those specifically enumerated by the Act of May 2, 1905, P. L. 352, in view of the fact that machinery of every description must be properly guarded under the terms of that act.

Argued Nov. 4, 1913. Appeal, No. 153, Oct. T., 1913, by plaintiff, from judgment of C. P. Allegheny Co., Second Term, 1910, No. 377, on verdict for defendant in case of Robert L. Shannon v. Carnegie Steel Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before EVANS, J.

The opinion of the Supreme Court states the case.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were answers to points for charge.

*W. H. S. Thomson,* with him *T. Mercer Morton,* and *Frank Thomson,* for appellant.

*David A. Reed,* of *Reed, Smith, Shaw & Beal,* for appellee.

OPINION BY MR. JUSTICE STEWART, March 9, 1914:

The plaintiff, an employee of the defendant company, was injured while engaged at work on what is known as a Betz Turning machine. This machine is used for the purpose of turning the flange on cold steel car wheels. The steel is placed on a revolving table, and the flange is cut by two stationary steel chisels as the wheel revolves, one operated by a lever at the right, the other by a lever at the left. In the process it frequently, perhaps ordinarily, happens that the small steel cuttings from the wheel are thrown out with more or less violence, those cut by the chisel on the right are thrown forwards toward the operator, those cut by the chisel on the left take the opposite direction. The plaintiff was operating such machine when some of these small cuttings thrown from the wheel struck him in his left eye permanently destroying its sight. The machine, though adequately guarded in other respects, was without artificial guard to protect against such accident as here occurred. Did the absence of such guard render the employer liable for damages for this unfortunate injury? Whether the machine was one of those specifically catalogued by name in the Factory Act of May 2, 1905, P. L. 352, need not be discussed; the act requires that "Machinery of every description shall be properly guarded," and it can make no difference whether it was one of those machines specifically mentioned in the act, or whether or not it is included in the general class of "machinery." On the trial of the case the plaintiff making no attempt to show that this particular machine at which he worked differed with respect to its guards from like machines in general use, voluntarily assumed the

burden of showing that it was reasonably practicable to guard such machines against the happening of such accident as here befell. He testified that not only was it reasonably practicable to so guard the machine, but, that since the accident he himself had invented and applied successfully a contrivance efficient to that end. He called a number of other witnesses who testified to the same effect, not one of them however testified that he had ever seen a guard applied except that invented by the plaintiff, and that only experimentally. On the other hand, the defendant called an equal, if not greater, number of witnesses who testified that the use of any artificial guard yet invented would destroy the efficiency of the machine, and that none could be used without rendering the machine incapable of doing that for which it was intended; and that it was wholly impracticable in the use of the machine to guard against such accidents as this by any artificial contrivance. In submitting the case to the jury the trial judge gave the following instruction: "Was this, in its ordinary operation, a dangerous machine to the person who was operating it, or others who came, in the course of their employment, in proximity to it? If you find that question in the negative, that it was not, then there was no occasion to guard it, and your verdict should be for the defendant. If you find that it was a dangerous machine, then the next question for your determination is: Was it practicable in 1908, by the exercise of ordinary care, to safeguard the machine so as to not seriously interfere with its operation, and should the employer have known of a guard which would perform that service? If you find that question in the negative; that is, if you find that it was not practicable to safeguard this machine so as to prevent these particles of metal being thrown off; or, if you find that in the light of the present day, it is practicable, but that was not known to the trade in 1908, and by the exercise of reasonable care the employer would not know that, then your verdict should

be for the defendant." This instruction is specifically made the subject of the fourth assignment of error. The other assignments are merely corollaries and need not be separately considered. The case presents no other issue than that indicated in the fourth assignment. The verdict was a clear finding that, at the time the accident to plaintiff occurred, it was not practicable for the employer to safeguard the machine against such accidents without seriously impairing the efficiency of the machine; that no device was then known by the use of which the one operating such machine could be protected against the danger to which the operator was exposed, and from which this plaintiff suffered his injury.

In the very recent case of Wagner v. Standard Manufacturing Company, 244 Pa. 310, the question here raised was fully considered and decided adversely to the present appellant's contention. In that case we held that, consistent with the purpose of the Act of May 2, 1905, in requiring all machines to be properly guarded, the necessity for an artificial guard in such cases depends on the existence of certain conditions, one of which must be the practicability of furnishing such guard; the words "properly guarded" in the act mean suitably guarded, and—quoting from the opinion in that case—"if a piece of machinery cannot be protected in any manner whatsoever, without rendering it useless for the service which it usually performs, then it is plain that there is no guard suitable to that particular machine, and, therefore, it would not be 'properly guarded'; for a guard which would prevent the machine from performing its functions is not in any sense a proper guard. The apparent purpose of the act in question is to protect working people by requiring dangerous mechanical appliances to be properly guarded while in operation, not to prohibit their use altogether, or to make every manufacturer in this great industrial State an insurer of all persons who may work around machinery which possesses inherent possibilities of dan-

ger, against which, owing to the nature of the work to be performed, an operator cannot be protected by any known device." The instructions of the learned trial judge in the present case accord in every respect with the views of this court as expressed in the opinion referred to. The case calls for no further discussion. The assignments of error are overruled, and the judgment is affirmed.