## Matlack, Appellant, v. Plumb.

*Negligence — Master and servant — Dangerous machinery — Guards—Nonsuit—Act of May 2, 1905, P. L. 352.*

In an action to recover damages for injuries alleged to have been occasioned by the negligence of the defendant in failing to prop-

erly guard an emery wheel, as required by the Act of May 2, 1905, P. L. 352, a nonsuit was properly entered where at the trial plaintiff established the fact that the wheel was guarded and there was no testimony that the guard provided was not a proper guard.

Mr. Justice Moschzisker dissents.

Argued April 2, 1914. Appeal, No. 100, Jan. T., 1914, by plaintiff, from judgment, of C. P. Philadelphia Co., No. 5, March T., 1911, No. 1861, refusing to take off nonsuit in case of William A. Matlack v. Fayette R. Plumb, incorporated. Before Brown, Potter, Elkin, Stewart and Moschzisker, JJ. Affirmed.

Trespass for personal injuries. Before Ralston, J.

The opinion of the Supreme Court states the facts.

At the trial a judgment of nonsuit was entered which the court subsequently refused to take off.

*Error assigned,* among others, was the refusal to take off the nonsuit.

*John J. McDevitt, Jr.,* for appellant, cited: McCoy v. Wolf Co., 235 Pa. 571; Schaefer v. Consolidated Ice Co., 238 Pa. 367; Booth v. Stokes, 241 Pa. 349; Weaverling v. Thropp, 237 Pa. 163; Thorson v. Carnegie Steel Co., 238 Pa. 166; Cramer v. Aluminum Co., 239 Pa. 120; Ralston v. Baldwin Locomotive Works, 240 Pa. 14; Lanahan v. Arasapha Mfg. Co., 240 Pa. 292; Kelliher v. Brown & Co., 242 Pa. 499.

*Henry Spalding,* for appellee, cited: Jones v. American Caramel Co., 225 Pa. 644.

Opinion by Mr. Justice Elkin, April 20, 1914:

At the trial a judgment of nonsuit was entered when the plaintiff rested his case. The negligence charged was failure to properly guard an emery wheel within the meaning of the Act of May 2, 1905, P. L. 352. It is conceded on all sides that the requirements of this act

cannot be disregarded by an employer without making himself liable in damages to an employee for injuries resulting from failure to properly guard machinery as the statute requires. The question here is whether a prima facia case was made out under the act. In his case in chief the plaintiff established the fact that the emery wheel was guarded and the testimony admitted at the trial did not show that the guard provided was not a proper guard. On this exact question there was no evidence at all. The plaintiff did offer to prove by witnesses with more or less expert knowledge that the guard in question was not the same kind of a guard as that used in some other establishments, but the trial judge ruled that the offers were incompetent and refused to admit the testimony. Under the facts we think this testimony was properly excluded. It was not of the character to meet the question involved under the pleadings.

The case stands with the fact clearly established that the emery wheel had a guard, and no evidence to show that it was not a proper guard. Under these circumstances should the case have been submitted to the jury? The learned court below answered this question in the negative, and after consideration we have concluded that this was the proper view of the case under the facts. The present case differs from all other cases in which the application of the Act of 1905 was involved, because in most of those cases the machinery was not guarded at all, and in those cases in which a guard had been provided there was evidence that the guard relied on was not a proper one. When the facts show that no guard was provided for dangerous machinery, or when a guard is provided but there is evidence to show that it was not a proper guard, the case is clearly for the jury, and we have said so in a number of recent decisions. In no case, however, has it been decided, when the plaintiff proves the machinery to have been guarded, and offers no evidence to show that the guard thus provided was not a

proper one, the case must go to the jury. In every case of this kind the burden is on the plaintiff to prove the negligence charged, and if that negligence be failure to properly guard dangerous machinery, it is not sufficient to prove that the machinery was guarded and then rest without offering any competent testimony to show that the guard provided was not a proper guard for the purpose intended.

Under these circumstances we think the learned court below properly disposed of the case and that nothing contained in the present record warrants a reversal of the judgment.

Judgment affirmed.

DISSENTING OPINION BY MR. JUSTICE MOSCHZISKER:

I cannot agree that "in chief the plaintiff established the fact that the emery wheel was guarded"; the most that the testimony shows is that "it had a covering over it to carry the dust away," made of "tin"; and there was nothing to suggest that this was intended for or would serve as a protection to an operator in case the wheel should break, which was the contingency to be guarded against. Next, I do not agree that the plaintiff was obliged to produce opinion testimony to show this tin device was not a "proper guard." In entering the nonsuit the trial judge indicated that in his opinion the plaintiff's proofs were lacking because he had not produced a witness who "was familiar with the trade and customs in regard to such machinery to testify that this guard was not a proper guard"; and the majority opinion seems to concur in that view. To my mind this is clearly wrong; for, even if it be assumed that the tin dust-shield which surrounded this wheel might be found to be a device that would serve as some protection, there was no necessity for opinion testimony in order to determine its sufficiency as a "proper guard,"— and that was the issue. In other words, conceding for the purposes of this case that the burden was upon the

plaintiff to show that the wheel was not properly guarded, the facts were susceptible of and were given exact description, and the inferences to be drawn therefrom depended upon the application of common sense and general knowledge and not upon the advice of those possessing special knowledge; hence, it was for the jury to take the testimony describing the wheel and the dust-shields and therefrom to decide for themselves whether or not the latter was a proper guard. "When all the circumstances can be fully and adequately described to the jury and are such that their bearing on the issue can be estimated by all men, without special knowledge or training, opinions of witnesses, expert or other, are not admissible": Ake v. Pittsburgh, 238 Pa. 371, 375. Finally, in Wagner v. Standard Sanitary Mfg. Co., 244 Pa. 310, we decided that "it is competent to produce testimony to show the kind of guards that were available to the defendant and regularly employed by others using such wheels"; and under this rule the plaintiff was permitted to show that it was usual to enclose emery wheels in "three sixteenth and quarter inch steel guards," further, that a guard of this character was "sufficient to resist a breaking emery wheel." It seems to me that the evidence was ample to take the case to the jury and that error was committed in the nonsuit; therefore, I dissent.