# Fritchle, Appellant, *v.* Steel City Electric Company.

*Negligence—Master and servant—Defective machinery — Contributory negligence—Nonsuit.*

1. To do an act necessary to the duties of a workman's employment in a way which is obviously dangerous, when the act can be performed in another way known to the workman, which is reasonably safe, is contributory negligence, which will bar recovery even though the employer may also have been negligent.

2. Where in an action for injuries sustained by an employee caused by the unexpected "repeating" of a defective machine for punching holes in certain steel boxes, it appeared that plaintiff who was an experienced workman and fully understood the operation of the machine, while removing a perforated box, took hold of it at the bottom, thereby placing his hand under the die, when he knew the safer and usual way to remove the box was by taking hold of it at the side, he was guilty of contributory negligence, and a compulsory nonsuit was properly entered: Solt v. Williamsport Radiator Co., 231 Pa. 585, followed.

Argued Oct. 12, 1915.   Appeal, No. 85, Oct. T., 1915, by plaintiff, from final order of C. P. Allegheny Co., April T., 1913, No. 2275, refusing to take off nonsuit, in case of John Homer Fritchle v. Steel City Electric Company, a Corporation.   Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before CARNAHAN, J.

The opinion of the Supreme Court states the facts.

The trial judge entered a compulsory nonsuit, which the court subsequently refused to take off.   Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*A. J. Eckles,* for appellant.
     VOL. CCLI—33

*John L. Ralph,* with him *Samuel A. Schreiner,* for appellee.

OPINION BY MR. JUSTICE FRAZER, January 3, 1916:

Plaintiff was employed by defendant company to operate a machine designed for punching holes in what are known as steel outlet boxes which are used for electrical purposes. These boxes are about two and one-eighth inches deep, four inches in diameter and open at one end. The working part of the machine consists of two plates with circular dies about four inches in diameter, the upper one with pins fitting into the lower one; the under plate being stationary and the upper movable and held by a spiral spring and released by a · foot treadle. The outlet box to be perforated is placed on the lower die, bottom up; the upper die is then released by the operator of the machine and falls, punching the desired holes in the bottom of the box. The upper plate or die should after striking the lower die automatically rise and remain suspended until the box is removed and another placed in the machine, when the treadle is again pressed by the workman and the punching process repeated. It is the duty of the operator to remove the perforated box from the machine while the upper die is elevated and at rest. This he can do with safety by catching the box on its sides and avoid all liability to injury in case the machine unexpectedly repeats and the die falls. On the afternoon of the day preceding the day the plaintiff received his injury the machine became out of repair to such an extent that the upper plate instead of remaining in position when raised until released by the foot treadle, commenced repeating as it had done on previous occasions. Plaintiff notified the foreman of the trouble as was the custom when repairs were needed, who directed a mechanic to examine the machine and make such repairs as were necessary. The following morning the foreman, in the presence of plaintiff, operated for a short time, the machine after

repairs had been made by the mechanic, found it worked without repeating and directed plaintiff to proceed with his work. Plaintiff did as directed by the foreman and while engaged in removing a punched outlet box the machine repeated, catching his hand between the box and the lower die, injuring four fingers of his left hand to such an extent as to require their amputation. In removing the outlet box from the machine plaintiff took hold of it at the bottom instead of the sides which is the usual and safe way. The trial judge entered a nonsuit on the ground of contributory negligence which he subsequently refused to take off and this appeal followed.

It appears from plaintiff's testimony he had worked at the machine during the three or four months immediately preceding the accident. While the device was not a complicated one the danger of placing the hand between the dies when in operation was obvious, especially in this case, as the machine had repeated on prior occasions and this was a peculiarity, not only of the machine in question but of other similar ones. Although it is true if the press had not repeated plaintiff's hand would not have been caught, yet, in view of the fact that he could have avoided the danger by catching the box on the sides instead of the bottom, and of the further fact that he knew from previous experiences that the machine was liable to repeat, he was bound to anticipate the danger and guard against it by taking such ordinary precautions as were within his reach. The fact that it was customary to remove the box with the hand, does not excuse plaintiff from an act upon his part which was dangerous, and which he knew to be dangerous, when a safer way was open to him. "To do an act necessary to the performance of the duties of one's employment in a way which is obviously dangerous when one can perform the act in another way known to him, which is reasonably safe, is contributory negligence which will bar a recovery, even though the employer may have been

negligent": Solt v. Williamsport Radiator Co. 231 Pa. 585, 588. It was also there said in language applicable to the present case (p. 589), " 'Where two ways of discharging the service are apparent to an employee, one dangerous and the other safe or reasonably so, the employee must select the latter, whether or not it is the less convenient to him; and if he chooses the former and the danger is such that a reasonably prudent man would not incur the risk under the same circumstances, he is guilty of such negligence as will bar a recovery, although the master may also have been negligent': 20 Am. & Eng. Ency. L. (2d Ed.) 146. The habitual carelessness of his fellow workmen does not justify the plaintiff, and it will not do to say that he lacked proper instructions or appreciation of the danger, for he was a mature man who had been working around machinery for a considerable length of time before the accident, and in addition to this he acknowledges in his testimony that there was another and safer way of doing this work than the one he pursued."

There is no question of insufficient instruction in the operation of the machine in this case. Plaintiff was perfectly familiar with the device and its dangers and with full knowledge of the risk he was taking deliberately placed his hand in a position where it was possible to be caught and injured, when the danger was readily avoidable by adopting another method just as convenient, and which would have removed all liability to injury. The case falls directly within the rule laid down in Solt v. Williamsport Radiator Company, above cited and quoted from, and under the circumstances the lower court was right in refusing to take off the nonsuit.

The judgment is affirmed.