# Gross v. Eagle Wheel Manufacturing Company, Appellant.

*Negligence—Master and servant—Guarding machinery—Practicability of guard—Act of May 2, 1905, P. L. 352—Contributory negligence—Burden of proof—Case for jury.*

1. Where machinery or other appliances included within the Act of May 2, 1905, P. L. 352, requiring certain machinery to be properly guarded, are not provided with proper guards it is for the jury to say whether under all the circumstances and in view of the use to which the device is put a guard is necessary. If a protection of some sort is provided which plaintiff contends is not a proper and sufficient compliance with the act, the burden is on him to prove that fact.

2. In an action by an employee against a manufacturing company to recover damages for personal injuries the case is for the jury and a verdict and judgment for the plaintiff will be sustained where it appears that the plaintiff was employed as a machinist on a punch press for the defendant company; that the press was guarded in front but not in the rear; that a passageway, which was used by the employees, ran back of the punch press, and that the plaintiff in attempting to pick up some iron bars in the passageway, slipped causing his right hand to come into contact with the cogwheel, whereby he was injured.

3. In such case the burden of proof cast on the plaintiff to prove the inadequacy of the guard is sufficiently met where he offers the testimony of an expert witness and proof of the surroundings at the time of the accident.

4. In such case the existence of a rear passageway which was in general use by the employees constituted an invitation to the plaintiff to use it if in the course of his work he found occasion to do so and it cannot be said as a matter of law that its use for the purpose of picking up iron was so obviously dangerous that no reasonably prudent person would have so acted.

Argued Jan. 7, 1916. Appeal, No. 292, Jan. T., 1915, by defendants, from judgment of C. P. No. 2, Philadelphia Co., Sept. T., 1914, No. 473, on verdict for plaintiff in case of Alexander Gross v. Frank J. Grabowsky and Charles F. Altvater, copartners, trading as Eagle Wheel

Manufacturing Company. Before Mestrezat, Potter, Stewart, Frazer and Walling, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Barratt, J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $1,955.00 and judgment thereon. Defendant appealed.

*Errors assigned* were in submitting to the jury various questions and in overruling defendants' motion for judgment non obstante veredicto.

*William W. Porter,* with him *Morris & Kirby,* for appellants.—Plaintiff must show that the machine was improperly guarded: Matlack v. Plumb, 245 Pa. 150; McIvor v. Hynes, 248 Pa. 544.

Employers are not liable for accidents occurring from transitory dangers: Welch v. Carlucci Stone Co., 215 Pa. 34; Miller v. Amer. Bridge Co., 216 Pa. 559; Schneider v. Philadelphia Quartz Co., 220 Pa. 548; Zuraw v. Hammerville Paper Co., 232 Pa. 544.

An employee, in order to avoid being guilty of contributory negligence must elect the safe way of performing his duty, rather than an obviously dangerous one: Gary v. Oehrle Bros., 59 Pa. Superior Ct. 68; Jones v. American Caramel Co., 225 Pa. 644; Solt v. Williamsport Radiator Co., 231 Pa. 585; Snyder v. Longmead Iron Co., 244 Pa. 325.

*I. G. Gordon Forster,* with him *Rowland C. Evans,* for appellee.—Under the circumstances of this case, the cogs were utterly unguarded. The necessity for an artificial guard depends upon the existence of certain conditions, and is a question of fact for the jury: Booth v. Stokes, 241 Pa. 349; Levin v. Clad & Sons, 244 Pa. 194.

Testimony offered by one familiar with the customs in regard to the use of such machinery may be considered

as expert testimony: Booth v. Stokes, 241 Pa. 349; Ralston v. Baldwin Locomotive Works, 240 Pa. 14; Levin v. Clad & Sons, 244 Pa. 194.

An employer is bound to furnish the employee with a reasonably safe place to work: Rummell v. Dilworth, 111 Pa. 343. Plaintiff is not guilty of negligence when he walks along a passageway provided for that purpose: Ralston v. Baldwin Locomotive Works, 240 Pa. 14; Fegley v. Lycoming Rubber Company 231 Pa. 446.

OPINION BY MR. JUSTICE FRAZER, February 14, 1916:

Plaintiff, an employee of defendant, was injured while operating a punching press by coming in contact with an unguarded cogwheel in the rear part of the machine. The wheel in which his hand caught was located on the right hand side of the press and guarded in front, which protection under ordinary conditions was ample to secure the operator from danger of contact. At the time of receiving his injury plaintiff had passed around the machine to the left for the purpose of recovering iron bars, intended to be passed through the press, which had fallen to the floor and while so engaged in the rear of the machine accidentally slipped and fell against a box standing near the machine, causing his hand to come in contact with the cogwheel and be drawn between it and the guard which covered the front of the machine. The facts are not in dispute and defendant offered no evidence. The trial judge submitted to the jury the questions whether the machine was properly guarded, if plaintiff had been furnished with a reasonably safe place in which to work, and also the question of contributory negligence. The jury returned a verdict for plaintiff on which judgment was subsequently entered after refusal of a motion for judgment non obstante veredicto.

Defendant's contention is that plaintiff failed to meet the burden of proving the machine was not properly guarded within the meaning of Section 11, of the Act of May 2, 1905, P. L. 352, which provides that: "All vats,

pans, saws, planers, cogs, gearing, belting, shafting, set-screws, grindstones, emery-wheels, fly wheels and machinery of every description shall be properly guarded." Under this section the duty to properly protect moving machinery is absolute, and failure to comply with the statute is evidence of negligence. If machinery is not guarded the burden is cast on defendant to show a compliance with the provisions of the act is impracticable: Fortney v. Breon, 245 Pa. 47, and that guards would render the device useless for the purpose for which intended: Shannon v. Carnegie Steel Company, 244 Pa. 346. Consequently, where machinery or other appliances included within the act are not provided with proper guards it is for the jury to say whether, under all the circumstances, and in view of the use to which the device is put, a guard is necessary. "Properly guarded" means suitably guarded, and a guard that interferes with the operating of the machine and renders it useless for the purpose for which it is intended, is not a proper protection within the meaning of the Act of 1905. If a protection of some sort is provided which plaintiff contends is not a proper or sufficient compliance with the act, the burden is on him of proving that fact: Matlack v. Plumb, 245 Pa. 150; Wagner v. Standard Sanitary Mfg. Co., 244 Pa. 310.

To meet the burden of proof thus cast upon him, plaintiff offered evidence of the conditions existing at the time of the accident, together with a general description of the pressing machine on which he was employed, and its situation and surroundings. There was a passageway back of the machine six or eight feet in width, used by workmen going to and from their work, and at the time of the accident this aisle was partly obstructed by boxes standing in the rear of plaintiff's machine, and upon its floor oil and dirt had accumulated to a considerable extent. There was a space of from six to eight feet to the left of the press, and on the right of two or three feet which also was obstructed by barrels or boxes. Because

of these obstructions plaintiff passed to the left for the purpose of picking up the pieces of iron which had fallen to the floor.

The presence of the passageway in the rear of the press, for the convenience of employees and others having occasion to pass that side of the machine, made possible liability to come in contact with its cogwheels, and raises the question of the necessity of extending the guard which protects the front of the machine to cover the entire wheel.   In addition to the evidence above referred to, plaintiff called a witness to testify as an expert who stated in his opinion the guard in use at the time of the accident was not adequate under the circumstances, and that to properly shield the wheels they should have been completely covered.   While it is true this witness admitted he had not visited the place of the accident, and had not seen this particular machine, he had before him at the time a photograph of it with a full description of the surroundings, and testified he was familiar with the mechanism of that type of machinery, had seen hundreds of similar machines in operation and made repairs to them, and had occupied the position of inspector of machines in workshops for insurance companies covering a period of twelve or thirteen years.   The witness clearly qualified as an expert machinist, and his testimony in connection with the proof of the surroundings at the time of the accident was ample to meet the burden imposed on plaintiff of proving the inadequacy of the protection attached to the press.

The words "properly guarded" used in the Act of 1905 is a relative term depending upon the facts of each particular case:  Izzo v. Finn, 238 Pa. 602; Booth v. Stokes, 241 Pa. 349.   Had there been no passageway in the rear of the machine it might well be that a guard in front, such as was used in this case, would be a proper one, but, in view of the existence of the rear way which was in general use by the workmen of the shop, the question of the necessity of an extension of the shield, so as to en-

tirely cover the wheels, becomes a pertinent one, and, under the circumstances, whether the protection afforded as the press was then guarded was a compliance with the act of assembly was a question for the jury; as was also the question whether or not defendant furnished plaintiff a reasonably safe place in which to work.

Notwithstanding the failure of defendant to properly guard the press at which plaintiff was employed there can be no recovery if plaintiff was guilty of contributory negligence: Jones v. American Caramel Company, 225 Pa. 644; Solt v. Williamsport Radiator Company, 231 Pa. 585. It is argued that plaintiff was negligent in failing to stop the machine before attempting to gather the pieces of iron from the floor, or in not permitting them to remain there until the end of the day's work when the machinery would be at rest; and that in acting as he did he undertook to discharge a duty in an obviously dangerous manner, when a safer method was open to him. While it is true there was no apparent necessity for plaintiff's obtaining immediate possession of the missing pieces of iron, and no evidence that the press might not have been stopped at any time, the existence of the rear passageway, which was in general use by the workmen of the shop, constituted an invitation to him to use it if in the course of his work he found occasion to do so, and it cannot be said as matter of law that its use for the purpose which he had in mind at the time of receiving his injury was so obviously dangerous that no reasonably prudent person would have so acted: Ralston v. Baldwin Locomotive Works, 240 Pa. 14.

The fact that the accident, in all probability, would not have happened had plaintiff not slipped or stumbled does not excuse defendant's failure to comply with the provisions of the Act of 1905. One of the chief purposes of that act was to guard against the consequences of accidental or unexpected movements. "To hold that a prior slip or an accidental movement which brings an unfortunate workman into contact with uncovered cog-

wheels, is to be considered as the proximate cause of the resulting injury, would be to practically nullify the provisions of the law made to protect him against such risks": Fegley v. Lycoming Rubber Co., 231 Pa. 446, 449. The questions of negligence and contributory negligence were for the jury, and there was no error in the manner of their submission.

The judgment is affirmed.