### SUSTOCK v. SHENANDOAH ABATTOIR CO.

(District Court, E. D. Pennsylvania, May 5, 1916.)

No. 3490.

1. MASTER AND SERVANT ⟨⟩228(2)—MASTER'S LIABILITY FOR INJURY TO SERVANT—UNGUARDED MACHINERY—EFFECT OF STATUTE.

A failure to comply with the requirements of the Pennsylvania statute of 1905 (P. L. 355, § 11), requiring dangerous machinery to be guarded, is negligence, or at least may justify a finding of negligence, and, while the statute does not shut out the defense of contributory negligence, the negligence of an injured plaintiff must be negligence in fact, and consent to work at an unguarded machine is not negligence per se, but may or may not justify a finding of negligence in fact.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 671; Dec. Dig. ⟨⟩228(2).]

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. MASTER AND SERVANT ⚙121(2), 286(22)—ACTION FOR INJURY TO SERVANT—
QUESTIONS FOR JURY.

Evidence in an action for injury to an employé from an unguarded machine, which was required by statute to be guarded, *held* sufficient to justify the submission of the case to the jury, both upon the question of negligence of the defendant and of contributory negligence of plaintiff.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 229, 1028; Dec. Dig. ⚙121(2), 286(22).]

At Law. Action by William Sustock against the Shenandoah Abattoir Company. Sur rule for new trial. Rule discharged.

Clarence H. Goldsmith, of Philadelphia, Pa., and John C. Robinson, of New York City, for plaintiff.

Edward M. Biddle, of Philadelphia, Pa., and M. M. Burke, of Shenandoah, Pa., for defendant.

DICKINSON, District Judge. The disposition of this rule was withheld, owing to a misunderstanding as to the submission of paper books. The complaint of the defendant could be best voiced in a rule under the Pennsylvania statute for judgment n. o. v. It is voiced here by a motion for a new trial. A verdict in favor of defendant would have been consistent with the charge of the court. The case was, however, left to the jury, who found for the plaintiff in a sum which as an assessment of damages is without criticism. The reliance of plaintiff in his assertion of a right to recover is wholly upon those provisions of the Pennsylvania statutes which require dangerous machinery to be properly guarded. In the absence of this legislation, defendant's request for binding instructions should have been affirmed, because there would have been nothing upon which to base a finding of negligence. The case was ably defended, and this rule as ably argued. It is by no means wholly clear that the trial judge was justified in submitting the case to the jury. It is close to the line. We feel, however, that the general proposition is clear.

[1] The requirement of guards is within the power of the state to make. A failure to comply with such requirements is negligence, or at least may justify a finding of negligence. These laws do not, of course, shut out the defense of contributory negligence. The negligence of plaintiff must, however, be negligence in fact. Consenting to work at an unguarded machine is not negligence per se. It may or may not justify a finding of negligence in fact. A machine might be of such construction that it would be clearly a reprehensible act to put any one at work at it when unguarded. Another machine, although unguarded, might be safely operated with the exercise of a not exacting degree of care. In the former case the attempt to operate such a machine might well be so imprudent as to call for a refusal by the workman to expose himself to such a risk. In the latter case he could not fairly be charged with negligence if he exercised that degree of care which the conditions demanded. There is no difference in the principle of the obligation resting upon employer and employed. Each is held to the exercise of due care under the operating conditions, and each is alike answerable for consequences to which

his negligence contributed. This would mean they are alike negligent or free from negligence in the mere act of operating an unguarded machine. The mere presence of risk of injury, however, does not necessarily imply negligence.

[2] There is in this case ample room for a finding that this machine, although dangerous in the sense that every machine with exposed moving parts is dangerous, might nevertheless be operated without charge of negligence in so doing. If this were all the case disclosed, the verdict could not be sustained. Neglect of a duty, however, is of the very essence of negligence. This applies as well to a duty imposed by positive law as well as to one which may be termed a natural duty. The act of assembly of Pennsylvania (P. L. 1905, p. 355, § 11), required the plaintiff to guard this machine. This forbade the operation of it without a guard. If the defendant so operated it, a conviction of negligence would be justified. This statement of defendant's liability is not controverted. It is urged, however, that the plaintiff, by consenting to operate the machine, was himself guilty of negligence. This presents the first proposition upon which defendant relies. It is that such act is negligence per se. This the trial judge declined to hold to be the law. On the contrary, he held the presence of negligence to be a fact to be found. If the operation of the machine was so obviously fraught with danger that ordinarily and reasonably good judgment would condemn its operation, the plaintiff was bound to refuse, and operating it without protest would be negligence. If, on the other hand, the exercise of such a judgment would pronounce the machine safe to operate provided due care was used, and the degree of care called for could well be used, and such care was used, there was no imperative duty on the part of the plaintiff to quit the work. To hold otherwise would be to nullify the legislative requirement, or at least make compliance turn, not upon the command of the Legislature, but the demand of the employé. In this view of the case the trial judge was required to submit the question of negligence to the jury, if the employer required the machine to be operated without a guard. The employer in this case had, however, provided a proper guard. The proviso of the statute, and indeed its plain meaning, would make its requirements applicable only to machines in ordinary operation. The statute would have no application to machines being operated as part of the act of repair.

This brings us to the main position of the defense. The trial judge submitted the case to the jury in a charge, the turning point of which was the fact left to the jury to find whether the machine was ordered by the defendant to be operated as in its ordinary business operation, or merely as part of the work of repair. In the latter case the jury were instructed there could be no finding against the defendant. The jury found this turning fact in favor of the plaintiff. The question is whether this fact has been found without evidence. If it has, there was error in the submission. This is the question already adverted to as a close one. The case for the plaintiff is by no means a strong one. We are unable to say, however, that there was no evidence to support the verdict. The jury gave a patient and intelligent hearing to the case. The verdict is doubtless due as much to the evidence

submitted by the defendant as to that of the plaintiff. The testimony of defendant's foreman might have given an impression favorable to the plaintiff, although not so intended. This was due more to his manner of testifying than to what he said. It was perhaps owing to the fact that he had difficulty in expressing himself in English, and perhaps in quickly grasping the import of questions asked him. Whatever the real fact may be, the observation obtrudes itself that, if there was evidence to submit, it is the province of the jury to weigh and pass judgment upon it. It cannot be said there was no evidence, and no such aggressive difference of opinion as to the proper inference to be drawn as to shut out the conviction that there is room for a fair difference of judgment.

The rule for a new trial is discharged, and plaintiff may enter judgment on the verdict.