# Schwartz *v.* Caplan, Appellant.

*Negligence—Master and servant—Unguarded machinery—Bakery—Practicability of guards—Case for jury—Contributory negligence, not raised at trial—Instructions to jury, failure to request.*

1. Where in an action by the employee of a bakery to recover damages for injuries sustained in consequence of plaintiff's hand being drawn into rolls into which he was pushing dough, it appeared that the rolls were unguarded and the evidence was conflicting as to whether guards could have been placed over the rolls without destroying their efficiency, the case was properly submitted to the jury.

2. In such case, it was no defense that in other bakeries like machinery was not guarded.

3. The omission to instruct the jury on questions to which the lower court's attention was not in any manner directed at the trial is not ordinarily reversible error.

4. Where, in such case, defendant did not allege at the trial that plaintiff was guilty of contributory negligence but in his motion for a new trial alleged plaintiff's contributory negligence as a defense to the action, it was then too late to set up such defense even if it were meritorious.

Argued Oct. 16, 1916. Appeal, No. 131, Oct. T., 1916, by defendant, from judgment of C. P. Allegheny Co., July T., 1914, No. 966, on verdict for plaintiff, in case of Robert Schwartz v. Gutman Caplan. Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before DAVIS, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $5,225 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were in refusing to direct a verdict for defendant, in refusing to enter judg-

ment for defendant n. o. v. and in refusing to grant a new trial.

*Stephen Stone,* of *Stone & Stone,* for appellant.

*Meredith R. Marshall,* with him *Rody P. Marshall* and *Charles H. Sachs,* for appellee.

OPINION BY MR. JUSTICE WALLING, January 8, 1917:

Plaintiff's hand was caught and crushed between iron rolls, while he was employed in defendant's bakery. The rolls were set in a table one above the other, the top of the lower roll being practically flush with the table. In the process of bread making the dough was passed back and forth between the rolls by workmen standing at each end of the table. Plaintiff seems to have slipped as he was pushing the dough back into the rolls so that the hand he was using for that purpose was caught. The rolls were operated by the employee at the other end of the table by means of a lever. There was some evidence that it was safer to use a paddle in pushing in the dough, and that defendant's foreman had promised to supply plaintiff with one, but this was denied; also some evidence to the effect that the dough should be pushed against the rolls with the closed hand and not with the fingers. However, the gravamen of plaintiff's complaint was that the rolls were unguarded in violation of the Act of May 2, 1905, P. L. 352 (Sec. 11). As a matter of fact there were no guards over the face of the rolls, defendant's contention being that to place guards over them would destroy their efficiency. This was denied by plaintiff, and as to that the evidence was conflicting, and it was properly submitted to the jury, who found for the plaintiff.

The question of contributory negligence was not urged at the trial, and no reference was made thereto in the charge, the court's attention not having been called to

that branch of the case by a formal request or otherwise; and only a general exception was taken to the charge.

Whether it was practicable to guard the rolls in question without destroying their efficiency was for the jury under the evidence: Booth et al. v. Stokes, 241 Pa. 349; Shannon v. Carnegie Steel Co., 244 Pa. 346; Smith v. Philadelphia Rubber Works, 248 Pa. 494.

That in other bakeries like machinery was not guarded was no defense: Jones v. American Caramel Co., 225 Pa. 644.

On the rule for a new trial the court below gave careful attention to the question of contributory negligence, and found that there was no sufficient evidence thereof to submit to the jury; and we agree with that conclusion.

Contributory negligence is never presumed, and plaintiff was not guilty thereof merely because he chanced to slip while at his work so that his hand was caught in the rolls: Fegley v. Lycoming Rubber Co., 231 Pa. 446; Gross v. Eagle Wheel Mfg. Co., 252 Pa. 361.

And in any event, in a civil suit, where the court's instructions are sound and cover every feature of the case advanced by counsel, an appellate court will not ordinarily reverse for an omission to instruct the jury on some question to which the lower court's attention was not in any manner directed at the trial. Here the defendant took his chances of a favorable verdict on other grounds, and for the first time mentions contributory negligence in the motion for a new trial. This would seem to be too late even if otherwise meritorious. This case is no exception to the general rule that the refusal to grant a new trial is not reversible error.

The judgment is affirmed.