## Lindguist, Appellant, v. Irwin et al.

*Negligence—Master and servant — Safe place to work — Proper materials — Contributory negligence — Choice of methods — Obviously dangerous course—Death—Case not for jury.*

436      LINDGUIST, Appellant, v. IRWIN et al.

Syllabus—Assignment of Errors.      [260 Pa.

In an action against an employer to recover damages for the death of plaintiff's husband who was killed by a fall through an opening for an elevator shaft in a building in course of construction by defendant, where it appeared that inside the space left for the shaft a wooden tower had been erected; that it became necessary to shore up the tower and that deceased placed a wooden brace or shore across the shaft opening against the tower and either lay or stood upon it in order to nail it in place, whereupon the lumber collapsed, precipitating deceased to the ground, and where it further appeared that he could have nailed the shore with safety without bearing his weight upon it by reaching across a smaller space which ran at right angles to the other opening, he was guilty of contributory negligence in doing in a clearly hazardous way an act necessary to the performance of the duties of his employment, when he could have accomplished the desired end in another way apparent to him and reasonably safe, and the jury having found a verdict for plaintiff, the court properly entered judgment for defendant n. o. v.

Argued Jan. 16, 1918.   Appeal, No. 217, Jan. T., 1917, by plaintiff, from judgment of C. P. No. 2, Philadelphia Co., June T., 1914, No. 2632, for defendant n. o. v., in case of Olga Lindguist v. Alexander D. Irwin, Jr., and Archibald O. Leighton, trading as Irwin & Leighton. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ.  Affirmed.

Trespass to recover damages for the death of plaintiff's husband.   Before STAPLES, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $4,039.34.   The court subsequently entered judgment for defendant n. o. v.

*Errors assigned* were the judgment of the court and rulings on evidence.

*Francis M. McAdams,* with him *Harry P. Felger* and *Wm. H. Wilson,* for appellant.

*Layton M. Schoch,* for appellees.

OPINION BY MR. JUSTICE MOSCHZISKER, March 4, 1918:

The defendants were general contractors for the construction of a tall building; openings, approximately twenty feet square, were left in the concrete floors at each landing, for the purpose of the future erection of an elevator shaft. Inside the space left for this proposed shaft, a temporary wooden tower, about seven feet square, was constructed, to be used in hoisting building material. In order to keep this tower erect, it became necessary to shore it up, and, while engaged in so doing, on May 5, 1914, plaintiff's husband fell through the shaft opening, from an upper story, to the ground, sustaining fatal injuries. Plaintiff sued in trespass, alleging negligence on the part of defendants, and recovered a verdict; but the court below entered judgment n. o. v., and this appeal followed.

The defendants called no witnesses. The evidence relied upon by plaintiff was free from material conflict, although there was some variance in the testimony of her witnesses as to several locations, distances, etc., connected with the accident; these slight differences, however, are of no importance, since, toward the end of the trial, counsel for plaintiff, recognizing the true condition of affairs, formulated a hypothetical question incorporating what he thereby conceded to be the actual facts in the case.

In addition to those already stated, the facts involved, which are essential to a correct understanding of the matter for decision, are as follows: The accident happened on the sixth floor, near the northeast corner of the shaft opening; at this point, the space between the north side of the wooden tower and the opposite edge of the floor landing was eighteen inches, and the distance from the east side of the tower to the opposite landing edge was seven feet; just before his fall, Mr. Lindguist was engaged in placing a brace, or shore, across this seven-foot-wide opening, at the northern end of the east side of the tower, to run from the latter to a spot immediately

opposite at the edge of the concrete floor landing; he first selected a piece of lumber, 3x4, in which he cut a "crow's mouth" at one end and a "lip" at the other; he then fitted the "crow's mouth" to the edge of the landing, at the same time putting the end with the "lip" against the opposite side of the wooden tower, at a rise of about twelve inches; the next thing necessary to be done, in order to fix the shore permanently in place, was to hammer or jam down the end thereof which rested against the tower, and nail it to the latter; to accomplish this, plaintiff's unfortunate husband, with hammer in hand, either lay on, stepped out upon, or leaned against the 3x4 (all, under the circumstances, equally culpable acts of negligence), whereupon, under this pressure, the lumber "slivered" at the "crow's mouth" and collapsed, thus causing the accident.

Judgment was entered against plaintiff upon the ground that the evidence plainly showed her husband could have put in the shore with safety if, after placing the 3x4, he had jammed it down or nailed it from across the eighteen-inch space, which ran at right angles to the seven-foot opening, instead of following the obviously dangerous course of working across the latter.    In other words, the court found that Mr. Lindguist was plainly guilty of contributory negligence in doing an act, necessary to the performance of the duties of his employment, in a way which was clearly hazardous, when he could have accomplished the desired end in another way, apparent to him, which was reasonably safe; and in this conclusion we concur.    The governing principle is fully discussed in Solt v. Radiator Co., 231 Pa. 585, 588.

As suggested by the learned court below, there is grave doubt as to the negligence of the defendant.    It is true that Mr. Lindguist was told to use 3x4 lumber from a designated place; but, although both old and new "bull pine" were there on hand, he, a carpenter of nine years' experience, selected a piece of the former, which was dry and apt to split under pressure.    It is not necessary to

discuss this phase of the case, however, since the court below was fully warranted in entering judgment n. o. v., on the ground of contributory negligence.

Some of the assignments go to rulings upon the evidence; but, after considering the examination of the witnesses in question as a whole, we see no reversible error in the matters complained of, and do not view them as of sufficient importance to justify us in passing specifically thereon.

The judgment is affirmed.