## Wallick v. American Chain Company.

*Stewart & Gerber*, for plaintiff.

*George S. Schmidt* and *W. H. Kurtz*, of *Schmidt, Keesey, Stair & Kurtz*, for defendant.

SHERWOOD, J., July 29, 1930.—This is a motion for a new trial at the instance of the plaintiff. The motion was duly argued before the court *in banc*.

The issues presented at the trial were: Plaintiff, an employee of the defendant, contended that he had not been warned of the danger incident to the fumes and gases generated about defendant's plant and that he contracted tuberculosis from fumes and poisonous gases arising from the tanks wherein chains were galvanized by reason of defendant's failure to comply with section eleven of the Factory Act of May 2, 1905, P. L. 352, which provides: "Exhaust fans of sufficient power, or other sufficient devices, shall be provided for the purpose of carrying off poisonous fumes and gases."

The contention of the defense was: (1) That it had installed devices sufficient to carry off the fumes and gases that arose from its operation; (2) that the fumes or gases that were given off from these operations, even if they were not carried from the immediate room, were not of a kind or character that would transmit tuberculosis to the plaintiff's lungs; (3) that the devices installed were sufficient and did carry off gases and fumes there generated; and (4) that it furnished to the employee gas masks for his protection and instructed him in the use thereof and warned him of the dangers connected with the operations of said defendant.

The plaintiff introduced no medical testimony to support his contention that he contracted tuberculosis from the gases and fumes generated in the plant in the room in which he worked. He relied entirely on his own testimony that he was employed by the defendant at various times between 1923 and 1929, and that he felt certain ill effects from the gases or vapors, these ill effects causing him to spit up blood, to feel an affection in his throat, to have nosebleed, and to run out of the room to get fresh air. Plaintiff also denied that he had

been instructed in the use of the gas mask or that gas masks were furnished for the use of the employees. These issues as presented were clearly ones of fact for the jury's determination and its verdict was in favor of the defendant.

At the argument of the motion, plaintiff contends that we erred in submitting the question of his contributory negligence to the jury as a defense in this action and points to the Workmen's Compensation Act of 1915 and the case of Gallivan v. Wark Co., 288 Pa. 443, as supporting this contention. The plaintiff in that action was employed by a subcontractor, the Gow Company, and was injured while drawing gasoline into an open can from one of the drums in and about the works, which produced an explosion by which the plaintiff was badly burned. The real question in this case for the court's determination was whether there could be a recovery by an employee, who had received compensation under article three of the Workmen's Compensation Act, against a third person whom the act made liable to him in the same manner and to the same extent as his actual employer. The Supreme Court in this case held that the plaintiff could recover, but even in this action the question of the contributory negligence of the plaintiff was one of fact for the jury's determination. The court there said that the same could not be decided as a matter of law (page 457).

This action was not brought under the Workmen's Compensation Act. It was brought under the Factory Act of 1905, which imposed the mandatory duty on the employer of installing exhaust fans of sufficient power or other sufficient devices for the purpose of carrying off poisonous fumes and gases. If the plaintiff contracted tuberculosis from the fumes and gases generated in the plant of the defendant, this was an occupational disease, for which plaintiff could not recover under the Workmen's Compensation Act. The liability of the defendant to the plaintiff consisted in its negligence in failing to install exhaust fans of sufficient power, or other sufficient devices, for the purpose of carrying off poisonous fumes and gases, if the said fumes and gases caused the injury of which plaintiff complains.

The Act of 1905, section eleven, does not shut out the defense of contributory negligence on the part of the employer (Jones v. American Caramel Co., 225 Pa. 644; Sustock v. Shenandoah Abattoir, 232 Fed. 900; Solt v. Williamsport Radiator Co., 231 Pa. 585; Hoffman v. Brentmore Knitting Mills, 252 Pa. 337; Gross v. Eagle Wheel Mfg. Co., 252 Pa. 361; Fritz v. Elk Tanning Co., 258 Pa. 180); it does close the door to assumption of risk as a defense: Valjago v. Carnegie Steel Co., 226 Pa. 514. Nevertheless, the rule applies that the Workmen's Compensation Act does not debar an action of trespass where the injury results from the employer's violation of a statutory command: Lincoln v. National Tube Co., 268 Pa. 504; King v. Darlington B. & M. Co., 284 Pa. 277.

Under the authority of the above cases, we hold that we were not in error in submitting the question of the contributory negligence of the plaintiff to the jury. We see no error in the affirmance of the third, fourth and fifth points of the defendant.

And now, to wit, July 2, 1930, plaintiff's motion for a new trial, filed February 3, 1930, by leave of court, is refused and the rule granted is discharged and judgment is entered on the verdict in favor of the defendant, American Chain Company, and against the plaintiff, Le Roy Wallick, for costs of suit, and an exception is granted to the plaintiff to the action of the court in this regard.

From George Hay Kain, York, Pa.