## Hoffman, Appellant, *v.* Brentmore Knitting Mills.

*Negligence—Master and servant—Moving machinery—Act of May 2, 1905, P. L. 352—Guard in course of construction—Contributory negligence—Binding instructions for defendant.*

1. It is contributory negligence for an employee engaged in operating machinery to fail to observe a temporary danger which is obvious and of the existence of which he was fully aware.

2. The defense of contributory negligence is not taken away by the Act of May 2, 1905, P. L. 352, requiring moving machinery to be properly guarded.

3. An employer is not liable for injuries sustained by an employee not due to the absence of protection required by the Act of May 2, 1905, P. L. 352, but received because of the latter's failure to observe the guard while the work of construction was in progress and unfinished.

4. In an action by an employee against his employer to recover damages for personal injuries sustained while endeavoring to stop machinery by grasping a flywheel, thereby bringing his hands into contact with a bracket intended to hold a guard which had just been put in place, the trial court was correct in directing a verdict for defendant on the ground of plaintiff's contributory negligence, where it appeared he had knowledge of the presence of the bracket and could have stopped the machinery in other and safer ways.

Argued Jan. 5, 1916. Appeal, No. 226, Jan. T., 1915, by plaintiff, from judgment of C. P. No. 3, Philadelphia Co., June T., 1914, No. 3498, on directed verdict for defendant, in case of Ellwood Hoffman v. Brentmore Knitting Mills. Before MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before DAVIS, J.

The opinion of the Supreme Court states the facts.

Verdict for defendant by direction of the court and judgment thereon. Plaintiff appealed.

*Errors assigned* were rulings on evidence and in directing a verdict for defendant.

*Arthur E. Hutchinson,* of *MacCoy, Evans, Hutchinson & Lewis,* for appellant.

*James Wilson Bayard,* with him *Frank P. Prichard,* for appellee.

OPINION BY MR. JUSTICE FRAZER, February 14, 1916:

Plaintiff was employed by defendant to operate a knitting machine which was between thirty and forty feet in length with a horizontal shaft at the top extending the entire length of the machine. To the shaft was attached a flywheel at each end and along its entire length at intervals of four feet were nine smaller wheels. There were twenty-three of these machines operated in the room in which plaintiff worked. To stop the machine when in motion the operator first threw off the belt, which supplied power, and grasped either one of the flywheels or one of the smaller intermediate wheels, depending upon his position at the time, so as to enable the machine to be stopped without breaking the needles or injuring the articles in process of manufacture. The flywheels of the machine being without guards or shields, defendant decided to protect them in such manner as to prevent the possibility of the operator, or other persons being injured by coming in contact with the spokes of the wheels, yet leaving the rims free to be seized by the operator in stopping the machine. Several days previous to the accident, for which plaintiff seeks to recover damages in this action, guards were attached to one machine as an experiment, which fact was known to plaintiff. The day preceding the accident brackets and guards were placed over the flywheel on one end of several machines, including one operated by plaintiff, and on the day plaintiff received his injury the work of attaching a shield at the opposite end of his machine was under way, and a bracket

intended as a support for the guard or shield had been put in place. Plaintiff saw the mechanic at work at his machine but testified he did not notice the character of the work being done, nor did he observe that the bracket had been attached and that he left his work temporarily a few minutes before noon while the mechanic was engaged in working at the machine. When plaintiff returned the bracket was attached, but the guard or shield had not been annexed. In attempting to stop his machine at the dinner hour, after releasing the power and taking hold of the flywheel, plaintiff's hand was drawn into contact with the edge of the bracket and injured. To recover for the injury so sustained this action was brought, and at the close of plaintiff's case the trial judge directed a verdict for defendant from which plaintiff took this appeal, alleging negligence on the part of defendant in failing to properly guard the machine, and to provide a reasonably safe place in which to work, and the refusal of the trial judge to admit certain testimony referring to the manner of attaching guards to knitting machines of the kind in use in defendant's mill.

It will be observed plaintiff's injuries were not due to the absence of the protection required by the Act of May 2, 1905, P. L. 352, but were received while the work of constructing a guard was in progress and unfinished, and had escaped his notice at the time of the injury. Taking hold of the flywheel was one of the proper methods of stopping the machine, and a guard sufficient to have prevented the injury to plaintiff would have interfered with the proper operation of the machine to that extent. There were, however, ten other points at which plaintiff could as readily have stopped the machine without using the wheel at which the guard was being attached.

Plaintiff testified if the work had been completed and the guard actually in place the accident would not have resulted. Whether or not defendant was negligent within the meaning of the Act of 1905 in failing to properly

protect the bracket while the guard was in course of construction need not be considered, since it is apparent the trial judge was right in directing a verdict for defendant on the ground of contributory negligence, which defense is not taken away by the act: Jones v. American Caramel Company, 225 Pa. 644. Plaintiff saw the mechanic engaged in affixing the bracket to the machine and admitted he could have seen it in place had he looked before taking hold of the wheel but says he overlooked its presence in giving attention to his work. Had he not forgotten or had he been as observant as the occasion required, he would, undoubtedly, have avoided contact with the unfinished guard and escaped injury, as the work done at that time by the mechanic was plainly visible and there were other wheels just as available for bringing the machine to a stop as the one to which was attached the incomplete shield. It was plaintiff's duty to avoid the wheel with the unfinished guard and use a safe one; not having done so, his injury was due to his delinquency in failing to observe a temporary danger which was obvious, and of the existence of which he was fully aware. He, therefore, cannot recover.

In view of this conclusion it becomes unnecessary to consider the questions raised regarding the admissibility of certain evidence offered by appellant and excluded by the trial judge.

The judgment is affirmed.