## Ulm *v.* McKeesport Tin Plate Company, Appellant.

*Negligence—Master and servant—Guarding cogwheels on machinery—Act of May 2, 1905, P. L. 352—Contributory negligence—Safer way—Custom—Ordinary usage.*

1. An act of assembly which requires the cogwheels of machinery to be properly guarded, is not complied with by placing a box over the entire machine, and nothing further over the cogwheels, so far as regards an employee whose duty compels him to perform labor within the box.

2. An employee cannot be held guilty of contributory negligence, as a matter of law, merely because he knows there is a safer way of doing his work, if he does it as he and the other like employees were taught to do it, had many times done it safely, and as defendant knew they were doing it.

3. The test of negligence in methods, machinery and appliances is the ordinary usage of the business, and that test is applicable to allegations of contributory negligence.

Argued Oct. 22, 1918. Appeal, No. 175, Oct. T., 1918, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1915, No. 454, denying motion for judgment n. o. v. in case of Frederick Ulm v. McKeesport Tin Plate Company. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and Fox, JJ. Affirmed.

Trespass for personal injuries. Before REID, J.

Verdict for plaintiff in sum of $6,000. Judgment was entered upon the verdict. Defendant appealed.

*Error assigned* was in overruling motion for judgment n. o. v.

*W. S. Dalzell,* of *Dalzell, Fisher & Hawkins,* for appellant.—As the plaintiff had either of two ways to perform the work, one of which was dangerous, and the other safe, and he offered no competent evidence or reasonable excuse for selecting the dangerous way, he necessarily barred his right to recover by such selection: Solt v. Williamsport Radiator Co., 231 Pa. 585; Di Magnio v. Jefferson & Clearfield Coal & Iron Co., 251 Pa. 321; Card v. Stowers Pork P. & P. Co., 253 Pa. 575.

*Meredith R. Marshall,* with him *Rody P. Marshall,* for appellee.—The case was properly submitted to the jury: Fegley v. Lycoming Rubber Co., 231 Pa. 446; McCoy v. Wolf Co., 235 Pa. 571; Ralston v. Baldwin Locomotive Works, 240 Pa. 14; Fortney v. Breon, 245 Pa. 47.

OPINION BY MR. JUSTICE SIMPSON, January 4, 1919:

The verdict and judgment in this case were for the plaintiff, and the only assignment of error is to the refusal of the court below to enter judgment for the defendant non obstante veredicto. Hence we have only to inquire whether or not, upon stating the facts most favorably for the plaintiff, that court ought to have held that they did not present a case for the jury's consideration. Thus viewed the record discloses the following facts:

Plaintiff was an employee of defendant, charged with the duty, inter alia, of filling the oil cups of a large electric motor in defendant's factory. Covering the motor was a large box, not fastened to the floor or otherwise held in place, the lid of which had to be raised in order that the cups might be filled. When reaching in for that purpose the hand and arm would be in close proximity to certain cogs therein, which were not covered or guarded within the box.

When plaintiff and the other oilers were shown how to do the work, the cups were filled whether or not the machinery was in motion. Neither then nor thereafter was plaintiff told not to fill them when the machinery was moving, and the custom was to fill them even though it was.

After plaintiff had been at the work some three months he learned that it was safer, if possible, to wait until the machinery stopped; but it was not always possible to do so, and he frequently did the work, without accident, though the machinery was in motion. When the motors heated up and smoked, the employees were taught to fill the oil cups at once, in order to save the machinery from injury; and, under such circumstances, they were constantly so filled with the knowledge of, and without objection from, the foreman in charge of the work.

On the day of the accident plaintiff noticed that machine No. 11 was smoking, and he went to the boss and asked if he could stop the machine in order to fill the cups. His request being refused, he took the can, raised the lid of the box and started to pour in the oil, exactly as he had been taught to do. The floor at that place was slippery. The can was large and heavy, and to hold it and pour the oil, required the use of both hands. As plaintiff leaned against the box in doing the work, the box or his foot, one or both, slipped, his arm was caught in the cogs, and he received the injury of which he complains.

It was admitted at the argument that, under Section 11 of the Act of May 2, 1905, P. L. 352, defendant could not claim, as a matter of law, that it was not guilty of negligence; and hence the only question for our consideration was whether or not plaintiff was so clearly guilty of contributory negligence in filling the oil cups while the machinery was in motion, that the court below was bound to charge the jury he could not recover.

As is usual in such cases, the argument took a wider range than was justified by the narrow question for con-

sideration. It was suggested that the box covering the entire motor might be held as a proper guard to the machinery. Doubtless this would be so as to all persons save those who were required to work on the motor itself; but such workmen were as much within the protection of the act, which required "All....cogs....and machinery....shall be properly guarded," as were those who had no work to do on the motor; and surely those cogs were not properly guarded, so far as related to the workmen who had to lift the lid of the box and reach in to fill the oil cups. As to him, in that branch of his work, they can hardly be said to have been guarded at all, and the trial judge could, perhaps, have so told the jury: Jones v. American Caramel Co., 225 Pa. 644, 650. But whether or not this be so, that question was clearly one for the jury to decide (McCoy v. Wolf Company, 235 Pa. 571), and no error is assigned as to the manner of its submission.

Under the facts stated we cannot see how the case could have been taken from the jury. Where there are no statutory requirements on the subject, we have repeatedly held that the unbending test of negligence in methods, machinery and appliances, is the ordinary usage of the business: Leonard v. Herrman, 195 Pa. 222; Service v. Shoneman, 196 Pa. 63; Purdy v. Westinghouse, Etc., Co., 197 Pa. 257; Kilbride v. Carbon, Etc., Co., 201 Pa. 552. We know no reason why the same rule should not be applied in cases of alleged contributory negligence. The jury have found as a fact that, under the circumstances appearing at the time this accident happened, plaintiff and the other oilers had been taught to oil the machinery while in motion, that that was the custom in the mill, that the foremen in charge knew thereof, and that it had been done many times without an accident happening. How then could the court below have charged, as a matter of law, that no reasonably prudent man would have thus filled the cups?

True, there was danger in so doing, but the existence of danger does not prove negligence. If it did, there would be no safety except to abandon the use of machinery. We said in Fortney v. Breon, 245 Pa. 47, 52-4: "Where one is charged with contributory negligence in doing work in an obviously dangerous manner when a safe way was open to him, unless the manner of performance was so unusual and clearly careless that no two minds could reasonably disagree as to the alleged negligence, evidence that the injured person did the work in the customary way prevailing at his employer's shop is relevant (Cramer v. Aluminum Co., supra, 127; Lanahan v. Arasapha Mfg. Co., 240 Pa. 292, 297). The testimony before us indicates that it was not the custom of the defendant's establishment to stop the machinery when work was being performed thereon of the character which the plaintiff was engaged upon when he was hurt; on the contrary, it rather suggests the reverse as the rule of the shop. Under such circumstances, although the plaintiff might be guilty of an assumption of risk (which defense was not available in the present case: Jones v. American Caramel Co., 225 Pa. 644, 652), yet, simply because he worked at machinery in motion, he would not be guilty of per se negligence."

And again: "It may well be that while the plaintiff was intent upon doing his work in the customary manner prevailing in his employer's shop, and, therefore, in a way which he had reason to believe his superiors approved and considered reasonably safe, his hand unexpectedly and accidentally slipped because of the unusual force he was obliged to apply to the cap, and that this happened without carelessness on his part (Fegley v. Lycoming Rubber Co., 231 Pa. 446, 448; Cramer v. Aluminum Co., 239 Pa. 120, 126, 127; Lanahan v. Arasapha Mfg. Co., 240 Pa. 292, 297)."

What is thus quoted disposes of defendant's contention in the present case, and hence

The judgment is affirmed.