Dougherty, Appellant, *v.* Philadelphia National
Bank.

Argued April 27, 1962. Before BELL, C. J., JONES,
COHEN, EAGEN and O'BRIEN, JJ.

*James R. Caiola*, for appellants.

*Desmond J. McTighe*, with him *Duffy, McTighe* and *McElhone*, for appellee.

OPINION BY MR. JUSTICE COHEN, September 25, 1962:

Appellants, P. J. Dougherty and Ruth V. Dougherty, his wife, brought an action in trespass against the defendant-appellee, Philadelphia National Bank (Bank), for personal injuries suffered by the wife as a result of a fall on the floor of Bank's office in Lansdale, Montgomery County.

The case was tried before a jury which returned a verdict of $5,000 for each appellant. Following a request for binding instructions which was refused by the court below, Bank filed motions for judgment n.o.v. and a new trial. The trial court granted the motion for judgment n.o.v. on the ground that appellant-wife was guilty of contributory negligence as a matter of law. Appellants, thereupon, brought this appeal.

The record reviewed in the light most favorable to the verdict winner reveals the following facts:

Appellant-wife entered the premises of Bank approximately at noon of the day in question in order to transact her business. Snow had fallen on the previous day and some melting had occurred. The entrance to the bank consisted of several exterior steps, then a vestibule, a few more steps, and then a set of metal doors with glass panels which opened in toward the main floor. Appellant-wife walked up the exterior steps and entered through the exterior glass doors. After crossing the vestibule and walking up the steps to the landing, she then proceeded to the set of glass doors opening into the banking floor. Appellant pushed

one of the doors open, took one or two steps into the interior of the bank, slipped and fell. She skidded far enough into the bank so that she was not struck by the door as it closed behind her.

Although Bank had provided rubber floor matting beginning somewhere between three to eight feet inside the door, the mat did not cover the area where appellant slipped. The condition of Bank's floor was such that it required constant mopping and the employee whose duty it was to mop the floor was supposed to do this every fifteen minutes. According to Bank's own evidence, however, it appears that between forty-five minutes and an hour elapsed between the time that the floor was last mopped and the time of the accident, and that at the time that the accident occurred the floor was wet from snow and ice which had been tracked in.

On cross-examination appellant-wife admitted that she had not looked for water prior to entering the bank. She further testified, however, that even if she had been looking for water she would have been unable to see it because of the glare emanating from the shiny light-colored vinyl tile which covered the floor.

The court below entered a judgment n.o.v. holding the appellant-wife contributorily negligent as a matter of law since she stated that she did not look down at the floor to search for water immediately before walking through the glass door into Bank's floor. This is clearly error.

Our court has stated on many occasions that contributory negligence as a matter of law should be declared only in a very clear case and only where the evidence of such is so clear and palpable that there is no room for fair and sensible men to differ in their conclusions as to its existence. *McKniff v. Wilson,* 404 Pa. 647, 172 A. 2d 801 (1961) ; *Elbell v. Smith,* 357 Pa. 490, 55 A. 2d 321 (1947). This is not such a case.

There is, of course, a doctrine holding that if one fails to observe that which is plainly observable and as a result falls and suffers injuries that recovery will be disallowed because of contributory negligence. This rule should not apply in this case because reasonable men could differ as to whether one in the process of opening a door is acting negligently in not observing the condition of the floor immediately adjacent to the door. One's attention is occupied with the mechanical process of opening the door and is seldom diverted at that time to the area which is immediately adjacent to the door. One naturally relies upon the security of the passageway into which he is about to enter. Accordingly, the court should not have held as a matter of law that appellant-wife was contributorily negligent merely because her first act upon pushing open the glass door preparatory to entering a well-lighted banking room was not to look down at her feet to see whether there was an accumulation of water which might cause the footing underneath to be slippery.

We must also determine whether Bank was on notice of the potentially dangerous condition of the floor. Admittedly, it had taken the precaution of placing a rubber mat throughout part of the room and had an employee assigned to mop the area in which appellant fell. In addition, the testimony, while somewhat confused, justified the conclusion that the floor was last mopped an hour and twenty minutes prior to the fall; that the mats were wet; that the floor was being mopped continually; that people kept tracking water and mud in and out of the bank and that it was necessary to mop all day long otherwise, "we might have had to have oars. . . ." Under such a situation it can readily be seen that the jury's determination of both the negligence and the notice of the condition should not have been disturbed.

That this is so is disclosed by an examination of the relevant cases. In *Morris v. Atlantic and Pacific Tea Company*, 384 Pa. 464, 121 A. 2d 135 (1956), we held that the question of contributory negligence was one for the jury where a shopper fell while crossing an ice-covered supermarket parking lot. Similarly, in *Katz v. John Wanamaker Philadelphia, Inc.*, 381 Pa. 477, 112 A. 2d 65 (1955), the issue of contributory negligence was held to be a jury question where a customer in a department store fell down steps which were covered with mud.

In a case very similar to the instant one, *Cohen v. Food Fair Stores, Inc.*, 190 Pa. Superior Ct. 620, 155 A. 2d 441 (1959), the Superior Court affirmed the refusal of the lower court to grant judgment n.o.v. where on a rainy day the plaintiff wife slipped on a terrazzo floor of a supermarket immediately after entering the door. Despite the fact that the plaintiff admitted seeing the floor was wet and that she was not wearing galoshes as in the instant case, the court stated: "We cannot say, under the circumstances of this case, that the plaintiff was guilty of contributory negligence as a matter of law but, rather, that the question of contributory negligence was one for the jury." See also *Jerominski v. Fowler, Dick & Walker*, 372 Pa. 291, 93 A. 2d 433 (1953); *Stevenson v. Pennsylvania Sports and Enterprises, Inc.*, 372 Pa. 157, 93 A. 2d 236 (1952); *Flora v. Great Atlantic and Pacific Tea Company*, 330 Pa. 166, 198 Atl. 663 (1938), and *Ralston v. Merritt*, 117 Pa. Superior Ct. 487, 178 Atl. 159 (1935).

We do not regard the several cases cited by Bank as decisive of the issue raised by this appeal. Nor do we agree with the proposition advanced by both appellee and the court below that had the judgment n.o.v. not been entered, a motion for a new trial should have been granted because of an inadequacy in the charge of the trial court regarding contributory negligence.

We have examined the court's charge on this point and consider it an entirely satisfactory statement of law.

Accordingly, the grant of judgment non obstante veredicto by the court below is reversed and the verdicts of the jury are reinstated with the direction that judgment in accordance therewith be entered.

Judgments reversed.

Mr. Chief Justice Bell and Mr. Justice Benjamin R. Jones dissent.