Olga A. **NATOLI**, Plaintiff,

v.

George J. **DEAL**, Defendant and Third-Party Plaintiff,

v.

William A. **MOORE**, Third-Party Defendant.

Civ. A. No. 24142.

United States District Court
E. D. Pennsylvania.

Nov. 1, 1962.

Beasley & Ornsteen, James E. Beasley, Philadelphia, Pa., for plaintiff.

Howard R. Detweiler, Philadelphia, Pa., for defendant and third-party plaintiff.

KRAFT, District Judge.

The facts of this case are detailed in our opinion granting plaintiff's motion for a new trial following the first trial, reported at 196 F.Supp. 927 (E.D.Pa. 1961). Briefly, plaintiff, a guest passenger in an automobile owned and operated by the third-party defendant, seeks damages for personal injuries sustained when the automobile collided with the rear end of defendant's truck proceeding in the same direction on a public highway.

By an amended order, we limited the new trial to the single issue of defendant's liability to the plaintiff.

The second trial resulted in a finding by the jury, in answer to written interrogatories, that defendant was not negligent. So finding, the jury properly left unanswered the interrogatory on proximate causation.

Plaintiff now moves for a new trial on the ground, inter alia, that the jury's finding of no negligence was contrary to the evidence. Since we think there is merit in this contention of the plaintiff, we need not consider the other questions raised.

The collision happened at night, and plaintiff vigorously contends that defendant violated safety regulations of the Interstate Commerce Commission applicable to lights on the rear of defendant's truck.

Section 193.12 of the regulations provides:

"Every bus or truck 80 inches or more in overall width shall be equipped as follows:

"(b) On the rear, one red tail lamp; one red or amber stop lamp; two red clearance lamps, one at each side; two red reflectors, one at each side."

Section 193.20 relates to the placement of clearance lamps:

"Clearance lamps shall, so far as is practicable, be mounted as to indicate the extreme width and height of the motor vehicle * * *"

Defendant testified that the truck was a 1954 Ford furniture van, and exceeded 80 inches in width. He stated that it was a covered truck with a steel frame and plywood sides and top, and had a canvas drop cloth in the back and a tailgate. It is clear from the testimony of the defendant, called as upon cross-examination, that his truck had no clearance lamps on its rear indicative of its height:

"Q  Do you have lights on the top part of the truck?

"A  I didn't put them on here, I had not put them here, but I did have, yes, sir.

"Q  You did have lights on the top of your truck?

"A  Yes, sir; in front, not in the back.

"Q  What about the rear?  I am talking about the rear now.

"A  No, sir.

"Q  So that you have not indicated anything across the top because there were none there at that time.

"A  Yes, sir."

This was all of the evidence on this subject.  In the absence of any evidence tending to show some impracticability in mounting the clearance lamps on the rear of this truck in a manner which would indicate the vehicle's height, we are constrained to the view that it was a necessary inference from defendant's own description of his truck that clear-

ance lamps were not, so far as was practicable, so "mounted" as to indicate the extreme width and height" of the truck, and, hence, that defendant violated the regulation.

The violation of the regulation constituted negligence.  Richardson v. Gregory, 108 U.S.App.D.C. 263, 281 F.2d 626 (1960); Jinks v. Currie, 324 Pa. 532, 188 A. 356 (1936).  It follows that the jury's finding of no negligence was contrary to the evidence, and plaintiff's motion should be granted.