Ronald C. RINARD, Appellee,

v.

Y B H SALES AND SERVICE CO., Appellant.

No. 14449.

United States Court of Appeals Third Circuit.

Argued Nov. 7, 1963.

Decided March 16, 1964.

8. See Cannon v. Dixon, 4 Cir., 115 F.2d 913, 915.

Michael A. Foley, Philadelphia, Pa., for appellant.

Milton M. Borowsky, Philadelphia, Pa. (Freedman, Landy & Lorry, Philadelphia, Pa., on the brief), for appellee.

Before STALEY, HASTIE and SMITH, Circuit Judges.

WILLIAM F. SMITH, Circuit Judge.

The trial of this action for personal injuries resulted in a jury verdict in favor of the appellee and the entry of judgment thereon. Thereafter the appellant made a timely motion for judgment in accordance with its earlier motion for a directed verdict and, in the alternative, for a new trial. Fed.Rules Civ.Proc., rule 50(b), 28 U.S.C.A. The motion was denied and the present appeal followed. The question raised on this appeal is a narrow one. The appellant argues that it was entitled to prevail on its motion for judgment because the appellee's testimony clearly disclosed that he was guilty of contributory negligence.

■■ It is the settled law of Pennsylvania, under which the only question here raised must be decided, that "contributory negligence as a matter of law should be declared only in a very clear case and only where the evidence of such is so clear and palpable that there is no room for fair and sensible men to differ in their conclusions as to its existence." Dougherty v. Philadelphia National Bank, 408 Pa. 342, 184 A.2d 238, 239 (1962), and the cases therein cited; Rafferty v. Di John, 390 Pa. 123, 135 A.2d 375 (1957). Where the facts and circumstances disclosed by the evidence are reasonably susceptible of either of two inconsistent inferences, a jury question is presented. Ibid. We are required to consider the evidence in the light of these principles and in the view most favorable to the appellee.

In April of 1959, the appellee purchased a Volkswagen sedan from the defendant and, under the terms of the purchase agreement, was entitled to periodic service for a limited time. On June 1, 1959, the appellee delivered the vehicle to the appellant's garage for the purpose of having it serviced and checked. When he returned for his car later in the day, he was requested to accompany an employee of the appellant on a road test; this employee was admittedly an experienced mechanic. With the mechanic operating the vehicle, they proceeded along West Chester Pike to Bryn Mawr Avenue, a distance of approximately two miles. While en route the mechanic observed the operation of the vehicle and made various manual tests, particularly of the steering mechanism.

The mechanic brought the vehicle to a stop shortly after they entered Bryn Mawr Avenue, and he then requested the appellee to get behind the steering wheel. The Avenue was a winding macadam road of sufficient width to accommodate two lanes of traffic. It should be noted

here that the appellee was not familiar with the road and had no prior knowledge of its condition. They proceeded along at a speed of 40 to 45 miles an hour; the rate of speed was regulated by a throttle lever controlled by the mechanic. While the vehicle was moving at this speed, the mechanic directed the appellee to temporarily remove his hands from the steering wheel; the mechanic then took charge of the wheel for the purpose of making a check. The appellee testified that at or about this time he was momentarily distracted by the mechanic's instructions and failed to observe a defect in the roadway until just before a front wheel of the vehicle struck it. The defect was described by the witnesses as either a "pot hole" or a "washout" containing gravel or debris.

The appellee grasped the steering wheel and attempted to control the course of the vehicle, which was veering in the general direction of an oncoming vehicle owned by one Orr. A collision between these vehicles was barely avoided. At or about the same time, the mechanic "pulled" the steering wheel to the right in an apparent attempt to keep the vehicle on course in the right lane. The vehicle continued to swerve from side to side across the road until it finally skidded into an automobile moving in the left lane directly behind the Orr car. The force of the impact drove the Volkswagen against an embankment at the side of the road. The mechanic was killed and the appellant was seriously injured.

The facts and circumstances disclosed by the evidence were most unusual; in fact, we have found no case in which the facts and circumstances were even comparable. There was evidence from which the jury could have found, as it did, that the appellant's employee was guilty of negligence and that this negligence was the proximate cause of the accident. This is not here disputed by the appellant. There was also evidence from which the jury could have found, but which it failed to do, that the appellee was guilty of negligence and

that this negligence contributed to the accident as a proximate cause thereof; of course, such a finding would have barred recovery. We are of the opinion that the evidence, tested by the above-stated principles, presented an issue of fact for the jury and not one of law for the court.

The judgment of the court below will be affirmed.