Stephen A. WALSH, Appellant in
No. 15639,

v.

MIEHLE–GOSS–DEXTER, INC.,
Appellant in No. 15640,

v.

EDWARD STERN AND CO., Inc.

Nos. 15639, 15640.

United States Court of Appeals
Third Circuit.

Argued Sept. 29, 1966.

Decided May 12, 1967.

Henry F. Huhn, Philadelphia, Pa. (Howard R. Detweiler, Philadelphia, Pa., on the brief), for Miehle-Goss-Dexter, Inc.

Milton M. Borowsky, Philadelphia, Pa. (Freedman, Borowsky & Lorry, Philadelphia, Pa., on the brief), for Stephen A. Walsh.

Before HASTIE, SMITH and SEITZ, Circuit Judges.

## OPINION OF THE COURT

WILLIAM F. SMITH, Circuit Judge.

This action for personal injury sustained in an industrial accident was brought by the plaintiff against the defendant Miehle-Goss-Dexter, Inc. (Miehle), the manufacturer of an offset printing press installed in the plant of Edward Stern & Company, Inc. (Stern), the plaintiff's employer. The complaint alleged that the defendant was negligent in several respects but particularly in its failure to design and manufacture the press "with proper and adequate safety devices." With leave of the court the defendant filed a third-party complaint in which it alleged that the cause of the accident, either in whole or in part, was the negligence of Stern. In the trial of the action against Miehle the only evidence was that offered on behalf of the

plaintiff; Miehle rested its defense on the same evidence.

The present appeals are from judgments entered on jury verdicts in favor of the plaintiff against Miehle and in favor of Miehle against Stern. The plaintiff seeks reversal and remand of the action for a new trial solely on the issue of damages. The defendant Miehle seeks reversal and remand of the action for either the entry of judgment in its favor or a new trial. The appeal of the third-party defendant Stern is not now before us, argument thereon having been held in abeyance. (No. 15641).

The briefs submitted on this appeal evince a marked difference of opinion between the parties as to the exact manner in which the accident occurred. This difference is apparently ascribable to the conflicting inferences justifiably permissible under the proofs offered by the plaintiff. However, on this appeal we are required to accept that version of the accident which accords with the evidence and inferences viewed in the light most favorable to the plaintiff. Tennant v. Peoria & P. U. Ry. Co., 321 U.S. 29, 35, 64 S.Ct. 409, 88 L.Ed. 520 (1944). We may not reweigh the evidence merely because it seemingly gives support to inconsistent inferences; it is the function of the jury, and not the court, to resolve such inconsistency. Ibid. The only facts relevant to the issues raised in these consolidated appeals can be briefly summarized as follows.

The plaintiff had been in the employ of Stern for approximately thirteen years and on the day of the accident held the position of assistant pressman. At that time he was engaged with a pressman in the operation of a press, which had been manufactured and installed by Miehle. He was instructed by the press-

man to remove a "hickey" [1] from a lower cylinder which was not equipped, as were the upper cylinders, with a safety bar or other protective device; this cylinder customarily rotated at a speed of approximately 65 to 100 revolutions per minute. Intending to flick the "hickey" from the rotating cylinder with the heel of his hand,[2] the plaintiff stood on a slightly elevated platform facing the press. As he reached forward he fell, catching his right arm between the cylinder and a structural member of the press.[3] His arm below the elbow was so badly crushed as to require amputation.

### PLAINTIFF'S APPEAL

The plaintiff urges reversal of the judgment on the grounds that the court below erred first, in its refusal to grant his motion for severance of the third-party claim, and second, in certain of its instructions to the jury. However, the main thrust of the plaintiff's argument is directed against the damage award in the amount of $50,000, which he here maintains was inadequate. The specifications of error must be separately considered in light of the argument.

The motion for severance of the third-party claim was made at the close of the plaintiff's evidence and after the denial of Miehle's motion for a directed verdict in its favor. It then appeared that Miehle intended to offer no evidence in defense of the main action but would go forward on its claim against Stern. The plaintiff contends that the denial of his motion was error under the circumstances of this case but with this we cannot agree. A motion for severance, such as was made here, is addressed to the sound discretion of the trial court and the denial thereof cannot be regarded as erroneous in the absence of a clear showing of abuse. There is no such showing

---

1. A term used to describe a particle of ink or other foreign substance.

2. According to the uncontradicted testimony this was customary practice in the Stern plant unless the "hickeys" were so numerous as to require cleaning of the cylinder, in which event the press was shut down.

3. There was testimony from which it could have been inferred that the plaintiff touched the rotating cylinder with the heel of his hand and as he did so caught his arm between the cylinder and a structural member of the press.

here. We have examined the record and are convinced that the action of the court did not adversely affect the substantial rights of the plaintiff.

Pursuant to the request of Miehle, and over the plaintiff's objection, the court read to the jury selected provisions of the Pennsylvania Health and Safety Law of 1937, 43 P.S. §§ 25-2 and 25-6. It appears from its language that section 25-2 imposes a responsibility only on an employer covered by the statute, such as Stern. Since Miehle sought recovery against Stern on the theory of the latter's negligence the section was applicable, but only in the third-party action. The broad language of section 25-6 imposes responsibility on "any person," including employer, employee, or both. However, under the evidence in this case the section was applicable only in the third-party action.

█ It appears from the record that the pertinent provisions of the said Act were read to the jury without any explanation as to how they were to be applied in the determination of the factual issues. We are of the opinion that absent such an explanation the instructions as given did not correctly relate the law to the issues and were therefore erroneous. Pritchard v. Liggett & Myers Tobacco Company, 3 Cir., 350 F.2d 479, 486 and the cases therein cited, cert. den., 382 U.S. 987, 86 S.Ct. 549, 15 L.Ed.2d 475. However, since there has been no showing of prejudice to the substantial rights of the plaintiff, the error must be disregard as harmless. FED.RULES CIV. PROC., rule 61, 28 U.S.C.A.; Palmer v. Hoffman, 318 U.S. 109, 116, 63 S.Ct. 477, 87 L.Ed. 645 (1943); Slatinsky v. Bailey, 330 F.2d 136, 141 (8th Cir. 1964).

█ Finally, the plaintiff argues that the jury verdict was adversely influenced by the cumulative effect of the trial errors, and this, he maintains, is reflected in the allegedly inadequate award of damages. This circuitous argument is based solely on conjecture as to the basis of the award. It is apparent that the amount of damages did not meet the plaintiff's expectations but this is not the test of adequacy.

█ The plaintiff offered testimony as to the nature and extent of his injury, the temporary and permanent effect thereof, his past and prospective loss of earnings, the impairment of his earning capacity, and medical expenses incurred and to be incurred. The significance of this testimony was adequately explained to the jury in a comprehensive charge which embodied seven specific requests for instructions on the issue of damages. There is nothing in the record to indicate that the jury failed either to follow the instructions of the court or to fairly evaluate the evidence. We have considered the evidence and find that the amount of the award was neither inadequate nor excessive but was well within permissible limits. ·

### DEFENDANT'S APPEAL

At the close of the evidence the defendant moved for the direction of a verdict in its favor; this motion was denied. A motion for judgment notwithstanding the verdict and, in the alternative, for a new trial, was similarly denied. The defendant here urges reversal on the same grounds argued in support of the said motion. Several of the arguments here advanced by the defendant appear to be predicated on a view of the evidence most favorable to it, contrary to the established rule by which we must be guided on this appeal.

█ The defendant maintains that the plaintiff assumed the risk of an obvious danger and was therefore guilty of contributory negligence as a matter of law.[4] The defendant argues that for this reason the trial court erred in the denial of its motion for a directed verdict as well as its motion for judgment notwith-

---

4. The term "assumption of risk" is used throughout the brief in its secondary sense as synonymous with contributory negligence. See Pritchard v. Liggett & Myers Tobacco Co., supra, 350 F.2d 484; Joyce v. Quinn, 204 Pa.Super. 580, 205 A.2d 611, 614 (1964).

standing the verdict. The question for decision is whether the evidence, viewed in the light most favorable to the plaintiff, was such as to warrant either the direction of a verdict or the entry of judgment notwithstanding the verdict. The question is one which must be decided under federal law. Woods v. National Life and Accident Insurance Company, 347 F.2d 760, 768 (3rd Cir. 1965).

The question of contributory negligence is usually one of fact for determination by the jury. It is one of law for decision by the court only in a very clear case in which the evidence is such that there is no room for fair and reasonable men to differ as to the conclusion to be drawn. Brough v. Strathmann Supply Co., 358 F.2d 374, 377 (3rd Cir. 1966) and the cases therein cited; Rinard v. Y B H Sales and Service Co., 328 F.2d 959 (3rd Cir. 1964). Where, as here, the evidence is reasonably susceptible of inconsistent inferences, a jury question is presented. Ibid. As heretofore pointed out, it is the function of the jury to resolve the inconsistency. The same principles are applicable under the law of Pennsylvania. Doughtery v. Philadelphia National Bank, 408 Pa. 342, 184 A.2d 238, 239 (1962) and the cases therein cited.

A judicial determination of contributory negligence was precluded also by the testimony that in the performance of his assigned task the plaintiff intended to follow a customary practice which he had followed prior to the accident and which had prevailed in the Stern plant for many years. Although adherence to customary practice and usage will not necessarily absolve an injured workman of a charge of contributory negligence, evidence thereof is relevant and material to the issue raised by the charge. Gregorius v. Safeway Steel Scaffolds Company, 409 Pa. 578, 187 A.2d 646, 649 (1963); Ulm v. McKeesport Tin Plate Co., 263 Pa. 327, 106 A. 639 (Pa.Sup.Ct.1919); Harper and James, The Law of Torts, § 17.3. The issue, as well as the weight to be given such evidence, is for the jury. Ibid.

The rule established by the Supreme Court of Pennsylvania is as follows: "In determining the standard of conduct of one who is injured in the performance of his employment, the working conditions and all of the circumstances incident thereto, including his obligation to do his job, must be considered: Stringert v. Lastik Products Co., Inc., 397 Pa. 503, 155 A.2d 625 (1959). If in performing his employment, a workman conforms to the ordinary usage thereof, this is evidence of the exercise of due care and indicates lack of careless conduct: (citations omitted)." Gregorius v. Safeway Steel Scaffolds Company, supra. The evidence is not conclusive but it is relevant and material to the issue of contributory negligence, and this is an issue of fact for determination by the jury. Ulm v. McKeesport Tin Plate Co., supra. The ultimate question is whether the injured employee exercised a degree of care commensurate with the risk of danger incident to his work. Ibid.

Pursuant to the Fed.Rules Civ. Proc., rule 51, 28 U.S.C.A., Miehle filed written requests for specific instructions which included the following:

"The cleaning and oiling of machinery while in motion is prohibited in all places where exposure to hazardous contact is involved."

This request, which the court denied, was couched in the language of a safety regulation promulgated by the Department of Labor and Industry pursuant to the authority vested in it by statute, 43 P.S. § 25-12. Since the main charge was plainly inadequate as to the standard of care to be exercised by a workman in cleaning moving machinery the denial of the request was error. Although not entitled to an instruction in the language requested, Miehle was entitled to an instruction grounded on the principle embodied in the regulation. The contention here made by the plaintiff that the regulation was inapplicable is without merit. If, as the defendant contended, the accident occurred while the plaintiff was

engaged in cleaning the cylinder, the regulation was applicable.

After the jurors had deliberated for approximately six hours they returned to the courtroom with a request for further instructions. Their request contained the following questions:

"May we have a clarification of the law regarding contributory negligence?

"What is the State law, if any, regarding moving parts?"

It should have been obvious from these questions that notwithstanding the initial instructions the jurors were confused as to the law and badly in need of assistance. Such assistance as was given fell far short of what was needed.

In answer to the first question the trial judge re-read to the jury, without explanation, three paragraphs from his main charge composed mostly of abstract principles of law. This re-reading of instructions already given, without more, was not responsive to the question and could scarcely have clarified the matter in the jurors' minds. More important, however, was the inadequacy of the judge's answer to the second question, in response to which he re-read from the main charge the provisions of the Pennsylvania Health and Safety Law, §§ 25–2 and 25–6, supra. This re-reading, without relating the provisions to the evidence in the case, was similarly not responsive.

 Where, as here, a jury makes known its difficulty and requests further instructions on the law applicable to an important issue, the trial judge is required to give such supplemental instructions as may be necessary to guide it in the determination of the issue. Bollenbach v. United States, 326 U.S. 607, 611, 612, 66 S.Ct. 402, 90 L.Ed. 350 (1946); Wright v. United States, 102 U.S.App.D.C. 36, 250 F.2d 4, 11 (1957). A perfunctory re-reading of the very instructions which may have led to the difficulty does not fulfill the requirement. We are of the opinion that the failure of the trial judge to adequately instruct the jury in response to the questions, coupled with his erroneous denial of Miehle's request for a specific instruction, warrants reversal.

The judgment of the court below will be reversed and the action will be remanded with a direction that a new trial be ordered.

SEITZ, Circuit Judge (dissenting).

As I read the majority opinion it finds that the issue of plaintiff's contributory negligence was for the jury for two reasons: (1) the evidence was necessarily susceptible of inconsistent inferences, and (2) plaintiff when injured intended to follow a customary practice which he had followed prior thereto. I would agree with the majority's conclusion were we concerned solely with the principles governing contributory negligence which they discuss. But the fact is that one of defendant's principal contentions is that plaintiff, as his own testimony shows, was guilty of conduct which under Pennsylvania law constituted contributory negligence per se. And there is no dispute that such conduct was the cause of his injury.

Defendant's argument goes like this: Under 43 Pur.Stat. § 25–12, the Pennsylvania Department of Labor and Industry promulgated a regulation under the heading "Mandatory Requirements" which stated that "The cleaning and oiling of machinery while in motion is prohibited in all places where exposure to hazardous contact is involved". An implementing regulation provides that the regulations apply to both employer and employee. Under 43 Pur.Stat. § 25–15 criminal penalties are provided for violation of regulations adopted under the statute.

We thus have a mandatory regulation applicable to employees. Adherence to this regulation was not impractical or dangerous in the circumstances here involved. Violation of such a regulation is negligence per se under Pennsylvania law. Jinks v. Currie, 324 Pa. 532, 188 A. 356 (1936); D'Ambrosio v. City of Phila., 354 Pa. 403, 47 A.2d 256, 174

A.L.R. 1166 (1946); Boyd v. Smith, 372 Pa. 306, 94 A.2d 44 (1953); Kuhns v. Brugger, 390 Pa. 331, 135 A.2d 395, 68 A.L.R.2d 761 (1957); Natoli v. Deal, 210 F.Supp. 389 (E.D.Pa.1962). Thus, the court must act and may not leave the contributory negligence issue to the jury. D'Ambrosio v. City of Phila., above.

The plaintiff's own evidence appears to show indisputably that the regulation is applicable. But plaintiff contends that the regulation had no application because plaintiff was not cleaning "machinery" at the time of the accident. He argues that the printing plate involved, which was clamped around the lower cylinder of the printing press rotating about 4,000–6,000 revolutions per hour, is not "machinery" within the meaning of the regulation. The majority opinion rejects this proposition and so do I. I think it strains credulity to say that the attached plate was not a part of the machinery for purposes of applying the regulation, even though the rotating cylinder was.

Except for this argument that the plate was not part of the machinery, the plaintiff does not appear to contend that the applicability of the regulation raised a jury issue as to plaintiff's contributory negligence under the facts. Nevertheless, the opinion of the majority concludes that such is the situation here. But I cannot agree. First, I think the plaintiff's own testimony shows that he was aware of the danger inherent in the cleaning process. Thus, he testified:

"Q. Do you ever use a cloth or anything like that to clean off the cylinder?

"A. I never use a cloth.

"Q. Always used your hand?

"A. Hand or they was trying to show me, I have seen them do it with cardboard but it is too much of a risk with cardboard; I wouldn't do that.

"Q. Why is cleaning it off with cardboard too much of a risk?

"A. Because you would have been off balance and you would have to hold it with two hands and lean over.

I have seen it myself, seen them do it on the other presses. They did but I never done it that way."

And second, regardless of whether plaintiff, an experienced worker, fell or was pulled into the machine, his own testimony indisputably establishes that at the time of the accident he was engaged in cleaning the moving machinery. He testified:

"Then I leaned over the walk there to put my arm in to knock the pick off and I fell * * *".

* * * * * *

"Q. And then you stationed yourself in the area in front of the lower cylinder at a point where you estimated that the hickey would appear?

"A. That's right.

"Q. And then when the hickey appeared you had your hand in a position to knock it off; is that correct?

"A. That's correct.

"Q. How far do you hold your hand from the cylinder while you are waiting for the piece of dirt to appear?

"A. Usually about an inch.

"Q. And you keep it there as the cylinder revolves under your hand?

"A. Until that area comes up to view.

"Q. And then you try to strike it off?

"A. That's right."

Plaintiff himself thus established that he was cleaning machinery while it was in motion at a point where exposure to hazardous contact was involved. It is true that plaintiff and others testified that the method used by plaintiff to remove dirt was customary practice. Under Pennsylvania common law this would normally create a jury issue as to whether plaintiff assumed the risk of an obvious danger. Gregorius v. Safeway Steel Scaffolds Company, 409 Pa. 578, 187 A.2d 646 (1963). But there is more to this case. The Pennsylvania legislature has by statutorily authorized regulation fixed a mandatory standard of

care, "and customary disregard of this [a legislative mandate] is but customary negligence, rendering every one guilty of it responsible for the consequences resulting directly and solely from it." Jones v. American Caramel Co., 225 Pa. 644, 74 A. 613, 615 (1909). See also Price v. New Castle Refractories, 332 Pa. 507, 3 A.2d 418 (1939). We have here then a case where plaintiff's own testimony shows that he violated a mandatory regulation which was not only applicable to him but was for his protection.

The majority seem to say that, even though plaintiff's own testimony shows that he violated a mandatory regulation which it was feasible for him to obey and that injury causally resulted, a jury issue is nevertheless posed as to his contributory negligence. They rely heavily on Gregorius v. Safeway Steel Scaffold Co., above. In that case there was a violation of certain regulations. The Court said:

> "These regulations provide for the use of life belts and life lines where workmen 'crawl out on thrustouts' or projecting beams. However, the evidence was unanimous in this case that, under the prevailing conditions, the use of these safety measures would be impractical and imperil rather than insure the safety of the plaintiff."

It is evident that the Supreme Court concluded from the undisputed evidence that at the time of the accident the regulation was not applicable to the plaintiff in that case. In contrast, it is clear that the regulation here pertinent was calculated to help insure the safety of the employee. The regulation did not impose any unsafe or impractical requirements. Indeed, had there been compliance there would have been no accident.

We are not dealing here with a claim asserted by the employee against his employer who on this record could well be found to have ordered the cleaning activity. This action is against the manufacturer and it is not charged, nor is there any evidence to charge it, with knowledge of the custom. Thus, there is no reason to say in this case that a jury issue is created as to this plaintiff's contributory negligence merely because his employer could be found to have countenanced the dangerous practice involved.

I think defendant's motion n. o. v. should have been granted.