**CRUZAN TERRACES, INC., Plaintiff**

v.

**ANTILLES INSURANCE, INC., ALLIANCE BROKERAGE CORP., AMERICAN ALLIANCE INSURANCE CO., THE ALLIANCE GROUP, and HERBERT N. ZACK, Defendants**

Civil No. 1990-14

District Court of the Virgin Islands

Div. of St. Croix

May 22, 1991

DIANE T. WARLICK, ESQ., Christiansted, V.I., *for plaintiff*

BRITAIN H. BRYANT, ESQ., St. Thomas, V.I., *for Alliance Brokerage, American Alliance Insurance, The Alliance Group*

RICHARD R. KNOEPFEL, ESQ., St. Thomas, V.I., *for Herbert Zack*

BRODERICK, *U.S. District Judge*

## MEMORANDUM

This cause is before the court on motion of defendants, Antilles Insurance, Inc. ("Antilles"), Alliance Brokerage Corp. ("Alliance Brokerage"), The Alliance Group ("Alliance Group"), and Herbert N. Zack ("Zack") to reconsider, pursuant to Rule 72(a),[1] an order of the Magistrate Judge severing the action and lifting a stay of the proceedings as to certain defendants. For the reasons stated below, the motion to reconsider the order of the Magistrate Judge is denied.

### 1. *Facts and Procedure*

In the wake of Hurricane Hugo the insureds' of a number of insurance companies operating in the United States Virgin Islands incurred greater losses than were expected statistically. This meant that the required payout to insureds was greater than the funds available to the insurers by a ratio of approximately 5 to 1. American Alliance was one of the insurance companies caught without sufficient capitalization after Hurricane Hugo. On July 24, 1990, a U.S. district judge sitting by designation in the District of the Virgin Islands placed American Alliance in conservatorship, and stayed all legal proceedings, including this action, in which American Alliance is a party, or in which a claim is against any insured of American Alliance which is, or would be covered by an American Alliance policy.

Plaintiff held a property insurance policy issued by Antilles, as an agent of the insurer, American Alliance. Plaintiff filed a claim with American Alliance after suffering casualty losses in Hurricane Hugo. The claim was not paid. Plaintiff filed this lawsuit alleging breach of contract and breach of fiduciary duty against Antilles, and its parent Alliance Brokerage, breach of contract against American Alliance, and breach of corporate statutory and common law duties against Alliance Group. Lastly, plaintiff alleges claims for misrepresentation and breach of statutory and common law duties against Zack as an officer and/or director of American Alliance, Alliance Brokerage, and Antilles.

Because of the judgment of conservatorship of the district court staying this action against American Alliance, this action was closed

---

[1] All "Rule" references herein are to the Federal Rules of Civil Procedure.

administratively by the Magistrate Judge on February 11, 1991, pending removal of the stay. On February 26, 1991, plaintiff moved to sever its claims against American Alliance, and lift the stay as to the four solvent defendants in order to proceed with its claims against the four solvent defendants. The Magistrate Judge granted plaintiff's motion on March 25, 1991. On April 8, 1991, defendants filed the motion to reconsider the Magistrate's order.

In their motion to reconsider, defendants assert that (1) the Magistrate Judge had no jurisdiction to lift the stay against American Alliance; (2) The Magistrate's Judge's findings of fact were clearly erroneous; and (3) The Magistrate Judge's application of the law was incorrect.

## 2. *Discussion*

Matters referred to a Magistrate Judge pursuant to Rule 72 are of two kinds, dispositive and nondispositive. A Magistrate Judge may hear and determine, as a nondispositive matter, any pre-trial matter before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. 28 U.S.C. § 636(b)(1)(A).

 A motion to lift a stay of a civil action and a motion to sever the trial of claims against multiple defendants are not matters excluded from a magistrate judge's jurisdiction by 28 U.S.C. § 636(b)(1)(A). The Magistrate Judge severed the claims against American Alliance from the claims against the solvent defendants, and lifted the stay only as to the solvent defendants, in an effort to permit the bulk of plaintiff's claims to move forward. Granting severance of plaintiff's claims against American Alliance is not dispositive of any of the claims. The Magistrate Judge did not lift the stay of the proceedings against American Alliance. Nor did he contravene the spirit of the stay issued by the district judge. Thus, the Magistrate Judge did not exceed his jurisdiction in deciding the motion.

Under Rule 72(a), nondispositive matters decided by a Magistrate Judge must be reviewed under a clearly erroneous or contrary to law standard. Under Rule 21, the court has broad discretion to grant a severance of claims. United States v. O'Neil, 709 F.2d 361, 367 (5th

Cir. 1983); Garber v. Randell, 477 F.2d 711, 714 (2d Cir. 1973); Walsh v. Miehle-Goss-Dexter, Inc., 378 F.2d 409, 412 (3d Cir. 1967). In deciding to grant a severance, the court is required to balance the factors of benefit and prejudice that will result from the alternative courses. Garber v. Randell, 477 F.2d at 714.

There is no indication as to when American Alliance will emerge from conservatorship. Plaintiff will be prejudiced greatly if not permitted to move forward with its claims against the solvent defendants. Defendants claim that they will be subject to inconsistent verdicts, and unnecessary, burdensome litigation. Defendants also assert that American Alliance will not be able to cross-examine Zack, yet Zack's testimony may be used at a later proceeding by the solvent defendants against American Alliance. Defendants assertions of potential prejudice are not compelling. See Gold v. Johns Manville Sales Corp., 723 F.2d 1068 (3d Cir. 1983) (stay of claims against non-bankrupt defendants would prejudice plaintiff to greater extent than any risk of inconsistent verdicts or duplicative litigation would prejudice defendants). It would be unfair to make plaintiff wait for an indefinite, and quite possibly, lengthy period before its claims are heard. If the solvent defendants are found liable they may have an action for indemnity and/or contribution against American Alliance, when the conservatorship is lifted. Zack will be available for examination and cross-examination at any later trial.

Although the claims against the solvent defendants are related to the claims against American Alliance, severance is not precluded. In United States v. O'Neil, the court severed compulsory counterclaims in an effort to facilitate the efficient disposition of the litigation. Cf. Spencer, White & Prentis, Inc. v. Phizer, Inc., 498 F.2d 358, 364 (2d Cir. 1974) (fact that counter claim is compulsory does not per se preclude its severance).

The territorial court held recently in a similar action against Antilles that American Alliance was not an indispensable party. The claims against Antilles were identical to plaintiff's. The territorial court ruled that, although under normal circumstances American Alliance might be an indispensable third party, the probability that plaintiff's claims would be stayed upon impleader of American Alliance militated against granting impleader. James v. Antilles Insurance, Inc., Civ. No. 1990-432 (Terr. Ct. STX Feb. 26, 1991).

Defendants assertion that judicial economy is served by not severing the claims is equally unconvincing. It is quite possible that Amer-

ican Alliance will never emerge from conservatorship. It is more efficient to adjudicate the plaintiff's claims quickly, and provide a remedy for its damages, if warranted. Having a large number of claims languishing in the court's docket serves no purpose. In any event, any future claims by defendants for indemnity and/or contribution may be litigated more concisely in a separate proceeding. Defendants' stated desire to advance judicial economy is apparently nothing more than a delaying tactic.

3. *Conclusion*

■ The Magistrate Judge is entitled to broad discretion in deciding to grant a severance of plaintiff's claims. Balancing the factors of benefit and prejudice to the parties, and to the resources of the district court, the order granting severance and lifting the stay as to the solvent defendants was not clearly erroneous or contrary to law. Defendants' motion to reconsider the order of the Magistrate Judge shall be denied.

## ORDER

This cause having come before the court on motion of defendants, Antilles Insurance, Inc. ("Antilles"), Alliance Brokerage Corp. ("Alliance Brokerage"), The Alliance Group ("Alliance Group"), and Herbert N. Zack ("Zack") to reconsider, pursuant to Rule 72(a),[1] an order of the Magistrate Judge severing the action and lifting a stay of the proceedings as to Alliance Brokerage, Antilles, Alliance Group, and Zack; and

The court having considered the submissions of the parties; and

For the reasons set forth in the court's opinion of this date;

IT IS ORDERED that defendants' motion to reconsider the Magistrate Judge's order severing the action and lifting the stay as to certain defendants is DENIED.

---

[1] All "Rule" references herein are to the Federal Rules of Civil Procedure.